## PORTUGUESE–AMERICAN BANK OF SAN FRANCISCO v. WELLES.

### APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 45.   Argued October 27, 1916.—Decided November 13, 1916.

A provision in a contract between the City of San Francisco and a construction company declaring that the company shall not, either legally or equitably, assign any moneys payable thereunder or its claim thereto, unless with the consent of the Board of Public Works,

does not render absolutely void an assignment of money due and
payable under the contract, made by the contractor to a bank for
valuable consideration but without such consent; nor prevent the
passing of a prior title as against the right of a subcontractor who
subsequently took the steps prescribed by § 1184 of the California
Code of Civil Procedure for the sequestration of the same indebted-
ness—it appearing that the city did not object to the assignment or
favor either claimant. *Burck* v. *Taylor*, 152 U. S. 634, distinguished.
211 Fed. Rep. 561; 215 Fed. Rep. 81, reversed.

The case is stated in the opinion.

*Mr. William R. Harr,* with whom *Mr. George A. Knight,*
*Mr. Charles J. Heggerty, Mr. James B. Feehan, Mr. Joseph
W. Beretta* and *Mr. Charles H. Bates* were on the briefs,
for appellant.

*Mr. Harold Remington,* with whom *Mr. F. H. Dam,
Mr. R. T. Devlin, Mr. W. H. Devlin, Mr. A. F. Morrison,
Mr. P. F. Dunne, Mr. W. I. Brobeck, Mr. Milton J. Green*
and *Mr. 'George J. Hatfield* were on the brief, for ap-
pellees:

I. The provision in the contract to control assignments
of moneys due was valid. *Burck* v. *Taylor,* 152 U. S. 634,
and many other cases were cited to the general proposition
that parties to contracts may prohibit assignment. The
prohibition may extend to the assignment of moneys
due under the contract. *Tabler* v. *Sheffield Land, Iron &
Coal Co.,* 79 Alabama, 377; *Stanley* v. *Sheffield Land, Iron
& Coal Co.,* 83 Alabama, 261; *Barringer* v. *Bes Line Con-
struction Co.,* 23 Oklahoma, 131; *Zetterlund* v. *Texas Land
&c. Co.,* 55 Nebraska, 355; *Omaha* v. *Standard Oil Co.,*
55 Nebraska, 337; *Murphy* v. *Plattsmouth,* 78 Nebraska,
163; *State ex rel. Kansas City Loan Guarantee Co.* v. *Kent,*
98 Mo. App. 281. The assignment, when so forbidden,
merely creates a personal obligation between assignor
and assignee.

Such provisions are not invalid as restraining alienation.

California Civil Code, § 711, which is but declaratory of the common law (*Murray* v. *Green*, 64 California, 363), merely discountenances such restraints as are inconsistent with the interest created. The restraints which are obnoxious concern real estate (*Murray* v. *Green, supra*), or other tangible property (*Bradley* v. *Piexotto*, 3 Ves. Jr. 324). The rule against restraint is never applied to avoid provisions against assigning contracts contained in the contracts themselves. *La Rue* v. *Groezinger*, 84 California, 281. Cases in which claims against insurance companies after loss have been held assignable despite stipulations to the contrary are to be distinguished upon the ground that insurance contracts are in a peculiar way construed in favor of the insured. Otherwise, such decisions are clearly contrary to the general rule and great weight of authority.

There are especial reasons for upholding such prohibitions in favor of municipalities. On grounds of public policy they are exempted from garnishment and judicial seizure of municipal revenues for debts, 1 Dillon Municipal Corporations, 5th ed., §§ 248, 249; with equal or better reason should they be exempted from suits on assigned obligations. *Omaha* v. *Standard Oil Co., supra; Murphy* v. *Plattsmouth, supra; State ex rel. Kansas City Loan Guarantee Co.* v. *Kent, supra.*

II. The provision against assignment was not merely for the benefit of the city, but rendered the assignment absolutely void unless the city consented. *Burck* v. *Taylor, supra.*

The interest of the municipality demands that subcontractors be protected against assignments.

Mr. Justice Holmes delivered the opinion of the court.

This is a suit brought by the appellee Welles to establish a lien upon a debt of $6,830.85 due under a construction

contract from the City of San Francisco, represented by
the appellee Boyle, to the bankrupt, Metropolis Con-
struction Company. The District Court approved the
report of the referee against the claim and in favor of the
appellant, but this decree was reversed by the Circuit
Court of Appeals. 211 Fed. Rep. 561. 215 Fed. Rep. 81.
128 C. C. A. 161. 131 C. C. A. 389. The subject-matter
is the fourth progress payment, which on December 5,
1910, had been authorized by the Board of Public Works
of the city. On that day the Construction Company
applied to the appellant bank for a loan of $30,000 secured
by an order on the auditor of the city authorizing the
bank to draw from the city for the above and other
amounts not in controversy here. The bank declined
until the order should be accepted by the auditor where-
upon on the next day the order was presented to the
auditor's office and stamped as received on December 6.
The order was intended and taken as an assignment and
after it had been stamped was accepted by the bank as
security and the money was advanced. The next day
$5,000 more was advanced on the same security, notes
being given for each sum. The appellee Welles was a sub-
contractor, and on December 12 and 16 served notice on
the city to withhold payment, as permitted by § 1184 of
the Code of Civil Procedure of the State of California.
It is admitted by Welles that if the assignment was valid
his rights are subordinate to it, *Newport Wharf & Lumber
Co.* v. *Drew*, 125 California, 585, and the only question
argued on his behalf is whether the terms of the contract
between the bankrupt and the city made the assignment
void.

The contract provided that the contractor should keep
the work under his personal control and should not assign
or sublet the whole or any part thereof without the con-
sent of the Board of Public Works. It further declared
that no subcontract should relieve the contractor of any

of his obligations and that he should not "either legally or equitably, assign any of the moneys payable under this contract or his claim thereto unless with the like consent." The city has made no objection to the assignment to the bank and the money now awaits the decision of this court as between the claimant of the lien and the prior assignee.

There is a logical difficulty in putting another man into the relation of the covenantee to the covenantor, because the facts that give rise to the obligation are true only of the covenantee—a difficulty that has been met by the fiction of identity of person and in other ways not material here. Of course a covenantor is not to be held beyond his undertaking and he may make that as narrow as he likes. *Arkansas Valley Smelting Co.* v. *Belden Mining Co.,* 127 U. S. 379. But when he has incurred a debt, which is property in the hands of the creditor, it is a different thing to say that as between the creditor and a third person the debtor can restrain his alienation of that, although he could not forbid the sale or pledge of other chattels. When a man sells a horse, what he does, from the point of view of the law, is to transfer a right, and a right being regarded by the law as a thing, even though a *res incorporalis,* it is not illogical to apply the same rule to a debt that would be applied to a horse. It is not illogical to say that the debt is as liable to sale as it is to the acquisition of a lien. To be sure the lien is allowed by a statute subject to which the contract was made, but the contract was made subject also to the common law, and if the common law applies the principle recognized by the statute of California that a debt is to be regarded as a thing and therefore subjects it to the ordinary rules in determining the relative rights of an assignee and the claimant of a lien, it does nothing of which the debtor can complain. See further, Cal. Civil Code, §§ 954, 711. The debtor does not complain, but stands

indifferent, willing that the common law should take its course.

The Circuit Court of Appeals relied largely upon *Burck* v. *Taylor*, 152 U. S. 634, some expressions in which, at least, seem to warrant the conclusion reached. But that case as understood by the majority of the court was quite different from this. A contract for the building of the Capitol of Texas was made not assignable without the consent of the Governor and certain others. The contractor assigned an undivided three-fourths interest to Taylor, Babcock & Co., with the required assent and then three-sixteenths without assent to three others severally, one of whom conveyed one thirty-second to the plaintiff. The contractor made another conveyance of all his rights under the contract to Taylor, Babcock & Co., and Taylor, Babcock & Co. made what purported to be a transfer of the entire contract to Abner Taylor, the defendant. Both of these transfers were assented to. In the latter Taylor purported to bind himself to the State to perform the original contract and in the assent to the same the Governor and other authorities stated that they recognized Taylor as the contractor, bound as the original contractor was bound. The court held that there was a novation, p. 650, and that Taylor acted without notice of the plaintiff's claim, p. 653. Upon those facts it would be hard to make out any right of the plaintiff to proceeds of the new contract that Taylor had performed.

The assignability of a debt incurred under a contract like the present sometimes is sustained on the ground that the provision against assignment is inserted only for the benefit of the city. Whether that form of expression is accurate or merely is an indirect recognition of the principle that we have stated, hardly is material here. It is enough to say that we are of opinion that upon the facts stated the assignment was not absolutely void, that therefore the bank got a title prior to that of Welles and con-

sequently that the decree must be reversed. See *Hobbs* v. *McLean*, 117 U. S. 567. *Burnett* v. *Jersey City*, 31 N. J. Eq. 341. *Fortunato* v. *Patten*, 147 N. Y. 277.

*Decree reversed.*

Mr. Justice McKenna dissents for the reasons stated by the Circuit Court of Appeals.