## W. T. RAWLEIGH CO. v. IZARD et al.

### No. 1754.

Court of Civil Appeals of Texas. Eastland.

Feb. 11, 1938.

J. W. Thomas, of Belton, for appellant.

E. H. Davis, of Hempstead, for appellees.

LESLIE, Chief Justice.

The W. T. Rawleigh Company instituted this suit against Henry Smith, H. F. Wilson, and J. E. Izard to recover on a promissory note for $828, etc. Defendants entered general denial, plea of no consideration, and that the note was signed and delivered upon an unfulfilled condition which prevented its becoming a legal liability.

The trial, before the court without a jury, resulted in a judgment in favor of plaintiff against Henry Smith, principal on the note, but denied recovery against Wilson and Izard, the purported sureties. The plaintiff appeals. The court filed findings of fact and conclusions of law. In different respects these are challenged.

The obligation represented by the note arose by reason of a line of credit extended by the company to Henry Smith, the local distributing agent of its products. At first the company exacted a bond for its protection, and the same was executed by said Smith as principal, and J. E. Izard, H. F. Wilson, and W. C. Montgomery as sureties. Smith's accounts being in arrears, the company demanded in settlement thereof a note to be signed by Smith and said Izard, Wilson, and Montgomery as sureties.

It was the intention of the company as well as Izard and Wilson that Montgomery execute the note. The Rawleigh Company. was represented in the transaction by their agent, Sam House. He presented the note in suit to Izard and Wilson, who, according to their pleadings and testimony, signed the same upon the condition or understanding it be signed by Montgomery before its acceptance by the company, or before it became binding upon them.

It is the appellant's theory that they signed the note unconditionally and with the sole purpose "to give Mr. Smith a little more time."

The date of the note is November 4, 1932. Its due date is December 4, 1932. Said Montgomery refused to sign the note. The names of Smith, Izard, and Wilson only are attached thereto. On receiving the note and "within a day or two of the date

* * *" thereof, Sam House, the agent of the company, forwarded the note to the company at its main office at Freeport, Ill. Thereafter, on February 22, 1933, the company, disregarding the note, addressed to Smith and said three sureties on the original bond a letter stating, among other things, "We are going to make you *another offer.* We will accept a note due *December 5, 1933* at 6 per cent, provided all parties, including W. C. Montgomery, sign it. We are enclosing *another note* for $804.38, due December 5, 1933. * * *" (Italics ours.)

Thus, the company declined to accept the first note, and again expressly required the signature of Montgomery as a condition of its acceptance of the note. In each instance he refused to sign it.

The matter remained in this status for a considerable time. None of the defendants were aware of the date the agent forwarded the note to the company. After it rejected the note, as evidenced by the letter of February 22, 1933, neither Wilson nor Izard ever tendered or reoffered the note to the Rawleigh Company for any purpose. If Smith did so, they were unaware of it. About five months after the first note was rejected (February 22, 1933) the company, on *July 28, 1933,* indorsed its "approval" of the first note with Wilson and Izard only as sureties, but without their consent evidenced by a reoffer of the note for acceptance.

■ It is a general rule of law that conditions which are either expressed or implied in fact must be exactly fulfilled or no liability can arise on the promises which such conditions qualify. The rule is stated by Justice Holmes in Portuguese-American Bank v. Welles, 242 U.S. 7, 37 S.Ct. 3, 61 L.Ed. 116, Ann.Cas.1918D, 643, as follows: "A covenantor is not to be held beyond his undertaking, and he may make that as narrow as he likes."

See Williston on Contracts, Vol. 2, p. 1292, § 671, p. 1299, § 675.

■ Fairly construed, we think, the pleadings and the testimony in the instant case present a situation in which the performance of the promise of Izard and Wilson was dependent upon Montgomery's executing the note. That condition not having been complied with, there was no delivery of the instrument for the purpose of giving effect thereto. Brannon's Negotiable Instrument Law, p. 129, § 16. Consequently, the trial court committed no error

in refusing judgment against Wilson and Izard.

Further, as stated in 13 C.J. p. 296, § 110: "If an offer is rejected, either by an absolute refusal or by an acceptance conditionally or not identical with the terms of the offer, or by a counter proposal, the party making the original offer is relieved from liability on that offer, and the party who has rejected the offer cannot afterward, at his own option, convert the same offer into an agreement by subsequent acceptance. For that purpose he must have the renewed consent of the person who made the offer."

Hence, if it be conceded that Izard and Wilson ever proposed to the company to become the sureties on the note, even for the purpose of giving Smith additional time, nevertheless it conclusively appears from this record that such offer to do so was rejected by the company in its letter of February 22, 1933. The position then taken by the company caused the offer to lapse and, as stated, a reoffer was never made by Izard or Wilson as a predicate for the company's acceptance on July 28, 1933.

Smith, the principal, did not deny his liability on the note, and does not appeal. The judgment in favor of Wilson and Izard is correct. Appellant's assignments are overruled.

For the reasons assigned, the judgment is affirmed.