116 So.2d 467 (1959)
W.J. TROUP and American Life Insurance Company, an Alabama Corporation, Appellants,
v.
Paul J. MEYER, Appellee.
No. 58-698.
District Court of Appeal of Florida. Third District.
December 17, 1959.
*468 Marchant & Perkins, Miami, for W.J. Troup, Fowler, White, Gillen, Yancey & Humkey, William C. Norwood and Richard F. Ralph, Miami, for American Life Ins. Co., appellants.
Claude Pepper and Allen Clements, Jr., Miami, for appellee.
PEARSON, Judge.
The appellants, W.J. Troup and American Life Insurance Company, were defendants in a suit for declaratory decree brought by Paul J. Meyer. The appeal is from a summary final decree. All of the parties agree that the ultimate facts are in the main undisputed. The legal effect of these facts, however, is disputed. There is therefore no claim that the summary judgment was improper procedurally.
The appellant, W.J. Troup, urges this court to reverse the summary final decree entered and direct the entry of a decree holding in accord with his contention as to the legal effect of the facts. The American Life Insurance Company has filed a joinder in appeal and assigned as error the court's denial of its cross claim praying for interpleader and discharge. We hold that the chancellor has not been shown to have been in error in his determination in the summary final decree that the plaintiff, Paul J. Meyer, was entitled to the monies in question as an assignee.
In his suit for a declaratory decree Meyer, as an assignee of one, Basil P. Autrey (not a party to this suit), sought to have his assignment of renewal commissions due, and to become due in the future, from the appellant, American Life Insurance Company, to the said Autrey, declared superior to an assignment of the same commissions from said Autrey to Troup. The chronology of the admitted facts follows:
April 3, 1935  Autrey (Agent) made a contract with Amer. Life Ins. Co. in the state of Alabama. The important provision is: "The party of the second part [Autrey] shall not sell, assign, hypothecate or in any way transfer commissions accruing under this agreement, except with the written consent of the first party [Amer. Life Ins. Co.]."
Feb. 9, 1956  Assignment, Autrey to Pan Amer. Bk. [1st assignment]. Attached to this assignment is a consent of Amer. Life Ins. Co.
Feb. 15, 1956  Assignment, Autrey to Troup [2nd assignment].
Feb. 24, 1956  1st Nat. Bk. of Miami (as Troup's agent) forwarded 2nd assignment to Amer. Life Ins. Co.
Feb. 27, 1956  Amer. Life Ins. Co. by letter to 1st Nat. Bk. notified them and indicated that amendment to 1st assignment was necessary before 2nd could be honored.
July 24, 1957  Assignment, Autrey to Meyer [3rd assignment].
Aug. 6, 1957  Amer. Life Ins. Co. agreed to consent to Meyer's assignment upon condition that (1) Balance be paid to Pan Amer. Bk. and (2) Form of the 3rd assignment be changed.
Aug. 23, 1957  Release of Pan Amer. Bk. assignment [1st assignment].
Aug. 27, 1957  Release of Pan Amer. Bk. assignment [1st assignment] forwarded to Amer. Life Ins. Co.
Oct. 17, 1957  1st Nat. Bk. (Troup's agent) requested payment on the ground that since 1st assignment was released, the 2nd assignment must be accepted.
June 16, 1958  Complaint by Meyer [3rd assignment] for declaratory decree because Amer. Life Ins. Co. stopped payments. *469 Upon these facts the court found as follows:
"Ordered, adjudged and decreed and this Court finds that the assignment dated July 24, 1957 by Basil P. Autrey of the renewal commissions from the agreement entitled General Agent's Contract dated April 3, 1935 wherein American Life Insurance Company obligated itself to pay certain premium commissions to Autrey is a valid and binding assignment, which assignment was consented to by the American Life Insurance Company. This Court finds that the attempted assignment by Autrey to W.J. Troup on or about February 15, 1957 was never consented to and approved by the American Life Insurance Company and therefore, is not a valid Assignment under the contract and is of no effect against American Life Insurance Company."
The controlling question is whether the prohibition of assignment without consent was effective to bar the Troup (2nd) assignment. The appellant states that this question as to its legal effect is as follows: "To what extent is a prohibition against assignment enforceable?"
In general a valid contract between sui juris parties should be enforced unless the contract is against public policy. Russell v. Martin, Fla. 1956, 88 So.2d 315, 317; Hall v. O'Neil Turpentine Co., 56 Fla. 324, 47 So. 609. A provision in a contract against assignment without consent has generally been held to be a valid and effective restriction of the right to assign. E.g., Allhusen v. Caristo Construction Corp., 303 N.Y. 446, 103 N.E.2d 891, 37 A.L.R.2d 1245. The Supreme Court of Florida in Hall v. O'Neil Turpentine Co., 56 Fla. 324, 47 So. 609, held that contracts are assignable unless forbidden by the terms of the contract or unless the assignment would violate some rule of public policy or some statute. (Emphasis added.)
An examination of the contract here enforced reveals that it did not impose the duty on the insurance company to pursue the Troup (2nd) assignment after the condition of its consent was expressed to Troup's agent. We do not find that the law imposes any duty on the insurance company to do more than to fairly express the conditions under which its consent would be granted. We do not by this language decide that the insurance company had a duty to consent to a presumptively valid and regular assignment, because a determination of this question is not necessary to the decision in this case.
Also in the absence of fraud or some misleading of the defendant, Troup, no estoppel arose to bar Meyer's legal rights under the consent he lawfully obtained. We therefore hold that the court did not err as a matter of law when it found that the prohibition of assignment without consent was effective to bar the Troup assignment although said assignment was prior in time to the Meyer assignment.
The Life Insurance Company urges that the court erred in not granting its interpleader and related attorney's fees. It is apparent that the insurance company attempted to assume the roll of a "mere innocent stakeholder". The chancellor rejected this contention and denied attorney's fees to the insurance company. This finding is supported by the undisputed facts. By accepting the written assignment from Autrey to Meyer the insurance company in effect amended its contract with Autrey and made Meyer a party to the contract for purpose of receiving the commissions accruing thereunder. The insurance company was therefore obligated to make payments accruing under the contract to Meyer. The law of Florida is clear that under these circumstances the obligor is not a "mere innocent stakeholder". Paul v. Harold Davis, Inc., 155 Fla. 538, 20 So.2d 795, 796; Kehl v. Miami Title & Abstract Co., 143 Fla. 9, 196 So. 610; Johnson Realty & Investment Co. v. National City Bank, 95 Fla. 282, 116 So. 229; Jax Ice & Cold *470 Storage Co. v. South Florida Farms Co., 91 Fla. 593, 109 So. 212, 48 A.L.R. 957; Fogg v. Goode, 78 Fla. 138, 82 So. 614.
Having reached the conclusion that error has not been demonstrated in the application of the law to the material facts which were established without genuine issue, the summary final decree is affirmed upon the appeal of W.J. Troup and upon the joinder in appeal of American Life Insurance Company.
Affirmed.
HORTON, C.J., and CARROLL, CHAS., J., concur.