MARKOWITZ BROTHERS, INC., a Corporation, and Continental Casualty Co., Appellants,

v.

FOX–GREENWALD SHEET METAL CO., Inc., a Corporation, Appellee.

No. 20900.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 26, 1968.

Decided June 25, 1968.

---

9. *Id.*

10. *Id.* at p. 26, 87 S.Ct. at 829.

Mr. Charles C. Hartman, Jr., Annapolis, Md., with whom Messrs. Kahl K. Spriggs and Mark P. Friedlander, Washington, D. C., were on the brief, for appellants. Messrs. Mark P. Friedlander, Jr., Blaine P. Friedlander, Washington, D. C., Harry P. Friedlander, Marshall H.

Brooks, Arlington, Va., and John F. Myers, Washington, D. C., also entered appearances for appellants.

Mr. Fred C. Sacks, Washington, D. C., for appellee.

Before BAZELON, Chief Judge, and McGOWAN and ROBINSON, Circuit Judges.

PER CURIAM:

Fox-Greenwald Sheet Metal Co., Inc., obtained a jury verdict of $103,458.91 in the District Court against Markowitz Brothers, Inc., and Continental Casualty Company [1] for money due on unpaid requisitions resulting from work allegedly performed by Fox-Greenwald under a sub-contract with Markowitz.[2] Markowitz and Continental, upon this appeal, assert the failure of Fox-Greenwald to establish liability as a substantive matter, as well as error in the conduct of the trial. We leave the jury's verdict undisturbed.

Under the contractual arrangements formulated for this construction project, Fox-Greenwald submitted requisitions for work completed to Markowitz; Markowitz thereupon included these amounts in its monthly requisitions to Blake, the prime contractor; and, subsequent to receiving payments of its requisitions from Blake, it paid Fox-Greenwald. Pursuant to this plan, the work and payments proceeded relatively well until December of 1963.[3] In this month, Markowitz, while submitting the full amount of Fox-Greenwald's requisition[4] in its requisition to Blake, remitted to

1. Continental is a party because Markowitz had secured a payment bond from it.

2. Markowitz had entered into a sub-contract with Blake Construction Company, which had contracted with the United States Government to construct buildings of the National Bureau of Standards at Gaithersburg, Maryland, to perform the plumbing, heating, and air conditioning. Markowitz, in turn, sub-subcontracted the "sheetmetal" portion of its work to Fox-Greenwald.

3. The contract involved was dated July 20, 1962, but was not executed until October

1962 when Fox-Greenwald commenced working on the project.

4. Although Markowitz included the full amount of Fox-Greenwald's requisition in its requisition to Blake, it attached a note stating it had not approved Fox-Greenwald's requisition. When Blake did not pay the full amount of Markowitz's requisition, Markowitz apparently apportioned all of this reduction to Fox-Greenwald. During the trial a Blake representative testified that none of the cut related to Fox-Greenwald's work.

Fox-Greenwald only part of the amount claimed by it, and failed to pay anything on Fox-Greenwald's January requisition.[5]

Fox-Greenwald's effort to collect what it considered due and owing proved unavailing, and it instituted this suit. During an eight-day trial both parties presented an abundance of testimony and exhibits relating to the amount of work satisfactorily performed. After comprehensive closing arguments, the jury was instructed that it had to decide: (1) whether any amount was due Fox-Greenwald for work performed prior to the termination of the contract on February 15, 1964, and (2) if Markowitz had received from Blake money for the benefit of Fox-Greenwald which it had not paid over to the latter.

■■■ As we view the case, the primary issue [6] is appellant's contention that the jury verdict is insupportable because it exceeded the amount that Blake paid Markowitz. Although the presentation of evidence in this case is marked by considerable confusion, as is also its treatment in appellant brief and argument, our own examination of the record leaves us unpersuaded that it was inadequate.

From a procedural standpoint, appellants were afforded their day in court. Every possible circumstance which arose during the Markowitz-Fox-Greenwald relationship was permitted to be explored, and appellants had a full and fair opportunity to convince the jury that no sum of money was due Fox-Greenwald, and that Blake had not paid Markowitz in any event. More specifically, during closing arguments appellants' counsel referred to a blackboard on which appeared all the relevant figures relied upon to show that no money was owing. Obviously the jury, in deliberating seven hours, thoroughly considered the positions of the parties. The thoroughness of the jury's consideration of the case is supported by the fact that the jury, during deliberation, requested and obtained: (1) the figures placed on the blackboard by appellants, (2) Markowitz's statement to the Bonding Company, giving the percentage figures of completion of the project as of December 31, 1963, (3) witnesses' statements relating to the overall completion of the project and (4) Blake's checks to Markowitz.

We find no error necessitating the imposition upon an already over-extended District Court of the reenactment of this lengthy proceeding in which the full opportunity afforded to illuminate the issues succeeded, as often as not, only in obscuring them.

Affirmed.

---

5. Although Blake did not remit any cash to Markowitz for its January requisition, there was some testimony to the effect that Markowitz had earlier over-requisitioned and Blake credited Markowitz's account accordingly.

6. Appellants also claim that the District Court erred when it (1) decided as a matter of law that Fox-Greenwald did not have to prove it met certain contractual conditions precedent in order to be entitled to be paid for work performed, and (2) limited the instruction of the jury to the issue of money due and owing for work performed. We reject both of these claims. With regard to the first, we do not think this has any bearing on the issue of money had and received by one party for work performed by another which was the non-contractual theory upon which the court, with the explicit assent of all parties, received evidence and submitted the case to the jury. On appeal, appellants argue that such assent was not given by them, but the record is clearly to the contrary. As to the instruction argument, appellants' trial counsel understood what issue was to be submitted to the jury and he tendered no proposed instructions. One other issue raised by appellants is that the judge erred when he refused to incorporate any specfic figures in his instructions. We do not think that this was error because counsel had ample opportunity to present and explain the figures to the jury