FOX–GREENWALD SHEET METAL
CO., Inc., Plaintiff,

v.

MARKOWITZ BROTHERS, INC. and
Continental Casualty Co.,
Defendants,

and

United States of America, Fred C. Sacks,
Esq. and Blake Construction Co.,
Inc., Intervenors.

Civ. A. No. 1693–64.

United States District Court
District of Columbia.

Feb. 28, 1969.

Fred C. Sacks, Washington, D. C., for plaintiff.

Mark P. Friedlander, Washington, D. C., for defendants.

## MEMORANDUM

McGARRAGHY, District Judge.

The plaintiff, Fox-Greenwald Sheet Metal Co., Inc., obtained a judgment against the defendants, Markowitz Brothers, Inc. and Continental Casualty Co. in the sum of $103,458.91 with interest from December 20, 1966. This judgment arose out of a contract dispute incident to a construction project for the United States Government, National Bureau of Standards, located in Gaithersburg, Maryland, for which Markowitz was a sub-contractor and Fox-Greenwald was a sub of Markowitz and was to perform certain sheet metal duct work.

During the course of the construction, Fox-Greenwald was in need of funds with which to meet payroll and other expenses and obtained a loan from Blake Construction Co., Inc., the general contractor, in the amount of $50,000.00 and executed and delivered to Blake an assignment dated August 27, 1963.

The subcontract between Markowitz and Fox-Greenwald contained a provision as follows:

ARTICLE 22. Subcontractor agrees that he will not sublet, or assign, transfer this Contract or any part thereof, or any interest therein, or any moneys due hereunder, without first obtaining the written consent of the Contractor. * * *

Markowitz did not give its written consent to the assignment and the principal question for determination here relates to the validity of the assignment absent said written consent.

The judgment in the amount of $103,348.91 plus interest as mentioned above was affirmed by the United States Court of Appeals in Case No. 20,900 decided June 25, 1968, 130 U.S.App.D.C. 217, 399 F.2d 588 and shortly thereafter, on August 20, 1968, upon motion by the defendant Continental Casualty Co., the court entered an Order providing for payment of the amount of judgment into the registry of this court.

Pursuant to that Order, the sum of $114,232.49 was deposited in the registry, representing the amount of the judgment plus interest. Thereafter, the sum of $28,878.97 was ordered paid to the attorney for Fox-Greenwald, representing his fee and advanced costs, leaving a balance on deposit of $85,353.52.

The matter now before the court relates to conflicting claims to that fund by Blake, claiming $50,000.00 plus interest and based upon the assignment by Fox-Greenwald, and by the United States of America, claiming $122,399.95 plus interest, for satisfaction of three Federal tax liens, notices of which were filed on February 1, 1964, April 27, 1964 and May 8, 1964, with the clerk of the court for Prince Georges County, Maryland, in which county Fox-Greenwald maintained its principal place of business.

While Blake relies upon the assignment in support of its claim to the fund, the record is clear that Blake did nothing to enforce the terms of the assignment until August 22, 1968, more than four years after the tax liens had been filed, when Blake filed a petition for intervention and to establish a prior right to the proceeds of the judgment paid into the registry of the court.

The principal issue relates to the validity of the assignment under which Blake asserts its claim to so much of the fund required to satisfy its $50,000.00 claim, plus accrued interest.

A second issue relates to whether Blake's claim, if valid, is barred by the Statute of Limitations, since the assignment was dated August 27, 1963 and Blake took no action to enforce its terms until the petition was filed on August 22, 1968.

It is undisputed that Fox-Greenwald did in fact execute the assignment in question, and did receive the $50,000.00 from Blake. If this proceeding were merely to decide any claim to the fund as between Blake and Fox-Greenwald, the rights, so far as the assignment is concerned, would be with Blake, notwithstanding failure of Markowitz to execute a written consent to it. Portuguese-American Bank of San Francisco v. Welles, 242 U.S. 7, 37 S.Ct. 3, 61 L.Ed. 116; Dole Company v. Aetna Casualty and Surety Company, D.C., 269 F.Supp. 72, and cases cited; Ruberoid Co. v. Glassman Construction Co., 248 Md. 97, 234 A.2d 875. These cases are authority to sustain the validity *between the parties* of the assignment in question. They do not sustain a priority claim against a subsequent judgment lien.

■ In this case, the rights of the United States have intervened by reason of the tax liens which were filed with the clerk of the court in Prince Georges County, Maryland, and the court is of the opinion that the lien of the United States is superior to the claim of Blake and must be enforced by payment from the registry of the court to the extent that such fund is available in amount.

■ The court is also of the opinion that the claim of Blake is barred by the Statute of Limitations, having in mind

that Blake's claim is based on an instrument dated August 27, 1963 and became enforceable on October 27, 1963, but action on the assignment was not asserted by Blake until the filing of the petition herein on August 22, 1968.

Accordingly, the court will sign an Order directing payment from the registry of the court to the United States of America of the fund now on deposit in the registry.

Counsel for the United States will submit an Order in conformity herewith.