MARINE MIDLAND BANK, Appellant, v MIDSTATE LUMBER CO., INC., Respondent.—Appeal from an order of the County Court of Rensselaer County, entered September 27, 1979, which denied plaintiff's motion for summary judgment. On October 1, 1974 the defendant, Midstate Lumber Co., Inc. (Midstate) entered into a rental agreement with Intertel Communications Corporation (Intertel), whereby Midstate agreed to lease telephone equipment from Intertel for a period of eight years at a monthly rental of $68.90. The rental agreement provided, *inter alia,* that no oral agreements or modifications would be binding and that the lessee was to make all repairs necessary to maintain the equipment. On November 6, 1974 Intertel assigned the lease to the plaintiff, Marine Midland Bank. The defendant made all necessary rental

payments until October 10, 1977. In March, 1978, Marine Midland, the assignee, commenced the instant action for recovery of overdue rental payments allegedly amounting to $3,281.75. The defendant's answer denied the alleged default, requested dismissal of the complaint and counterclaimed for $5,734.60. Defendant contends that for two years prior to October, 1977, the leased equipment did not function properly and plaintiff voluntarily performed maintenance services. Moreover, defendant alleges that, in late August, 1977, the plaintiff's agents informed defendant that the equipment was inoperable; that, in October, 1977, the plaintiff agreed to remove the equipment; and that the plaintiff agreed orally to terminate the lease. Defendant also asserts that plaintiff's course of performance was referable to the oral modification. Consequently, defendant contends that there are triable issues of fact on the questions of estoppel, waiver and modification of the rental agreement and, therefore, summary judgment was properly denied by Special Term. We agree. Summary judgment is not appropriate in this case. Although the rental agreement contained a clause prohibiting oral modification, there are ample examples found in case law permitting oral modification of agreements containing merger clauses. Subdivision 1 of section 15-301 of the General Obligations Law, which prohibits oral modification where there is an agreement containing a provision against such oral modification, can be excused or waived by an executed oral modification or by estoppel (Rose v Spa Realty Assoc., 42 NY2d 338; see, also, Uniform Commercial Code, § 2-208, subd [3]; § 2-209, subd [4]; All-Year Golf v Products Investors Corp., 34 AD2d 246, mot for lv to app den 27 NY2d 485). Accepting as true the allegations of defendant's affidavits, it is arguable that there exists triable issues of fact as to whether plaintiff's course of performance constituted a modification of the agreement regarding the respective obligations of the parties to maintain the telephone equipment, as well as whether the parties agreed to waive certain provisions of the rental agreement or terminate it altogether. Accordingly, there are issues of fact requiring resolution by trial. Order affirmed, with costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Herlihy, JJ., concur.