402 So.2d 22 (1981)
William RAFKIND, Robert Macht and Lee Lebow, Appellants,
v.
Sue Ann SIMON, As Personal Representative of the Estate of George A. Simon, Deceased, Appellee.
No. 80-2028.
District Court of Appeal of Florida, Third District.
June 30, 1981.
Rehearing Denied September 4, 1981.
*23 Tobin, Bayer & Jacobson and Theodore R. Bayer, Miami, for appellants.
Herbert A. Warren, Miami, for appellee.
Before HUBBART, C.J., and BARKDULL and NESBITT, JJ.
NESBITT, Judge.
This appeal presents the question of whether a partner may assign his interest in a partnership without obtaining consent of the remaining partners where the joint venture agreement[1] prohibits such an assignment without consent. We find that he may not and affirm the declaratory judgment entered on the appellee's permissive counterclaim.[2]
In this case, the appellee's decedent misappropriated funds entrusted to him by the appellants. In an attempt to make restitution, he assigned to them his partnership interest in a joint venture agreement. Under the joint venture agreement, an assignment was prohibited without the written consent of a majority of the partners. Appellants then sought consent of the remaining partners to the assignment. Although more biographical and financial information was requested by the remaining partners, no consent was given prior to the decedent's death.[3]
We begin our analysis by recognizing the common law rule that a contractual provision against the assignment of the contract will usually be regarded as an effective restriction. Health Application Systems, Inc. v. Hartford Life and Accident Insurance Company, 381 So.2d 294 (Fla. 1st DCA 1980); Troup v. Meyer, 116 So.2d 467 (Fla. 3d DCA 1959). It is true, as appellants urge, that Section 620.69(1), Florida Statutes (1979) purportedly authorizes a partner to assign his profits in a partnership and that, under 620.69(2), an assignee becomes entitled to receive the assignor's interest in the partnership upon dissolution of the partnership. However, this right is not absolute. As indicated by Section 620.645, Florida Statutes (1979), which sets forth the rules for determining the rights and duties of partners, those "rights and duties of the partners in relation to the partnership shall be determined subject to any agreement between them, by the following rules: ... ." [emphasis supplied]. As indicated by the italicized portion, the common law rule prohibiting the assignment remains when properly incorporated into the articles of partnership as was done in this case.
*24 Appellants argue that, since Section 620.695, Florida Statutes (1979), allows a judgment creditor to subject a partner's interest to a charging lien, Section 620.69 should be interpreted to permit an assignment of a partner's interest irrespective of any prohibition in the agreement between the partners. It is maintained that they may accomplish the same objective by obtaining a judgment against the partner's interest. The answer to this contention is that the Legislature has chosen not to treat assignees the same as judgment creditors, and this is so perhaps because the Legislature is cognizant that it is powerless to altogether oust the courts from their jurisdiction to protect the judgment creditor.
In the alternative, the appellants contend, as between the immediate parties, that the decedent's personal representative is estopped to deny her decedent's assignment. They correctly rely upon Davis v. Evans, 132 So.2d 476 (Fla. 1st DCA), cert. denied, 136 So.2d 348 (Fla. 1961) for the proposition that an estoppel which would have bound a decedent binds his personal representative. In this case, it is readily apparent that the appellants, as purported assignees, were well aware of the prohibition against the decedent's assignment of his partnership interest. This is evident by their request for the requisite consent from the remaining partners. It is established that there can be no estoppel where there has been no reliance. 22 Fla.Jur.2d Estoppel and Waiver, § 54. In this case, because the parties had equal knowledge and the same means of ascertaining whether the partnership interest could be assigned, there can be no estoppel. Overstreet v. Bishop, 343 So.2d 958 (Fla. 1st DCA 1977).
Affirmed.
NOTES
[1] This was called a joint venture agreement, which is similar to a partnership agreement, and is governed by the Uniform Partnership Act, § 620.56, et seq., Fla. Stat. (1979). See, §§ 620.585 and 620.59, Fla. Stat. (1979); Proctor v. Hearne, 100 Fla. 1180, 131 So. 173 (1930); Deal Farms, Inc. v. Farm & Ranch Supply, 382 So.2d 888 (Fla. 1st DCA 1980); In re Buchman, 600 F.2d 160 (8th Cir.1979).
[2] As to the appealability of permissive counterclaims, see, S.L.T. Warehouse Company v. Webb, 304 So.2d 97 (Fla. 1974); Mendez v. Flagler Family Association, Inc., 303 So.2d 1 (Fla. 1974); Travelers Express, Inc. v. Acosta, 397 So.2d 733 (Fla. 3d DCA 1981).
[3] Though not dispositive in this case, the death of a partner ordinarily causes the dissolution of the partnership. § 620.71(4), Fla. Stat. (1979).