427 So.2d 782 (1983)
CORDIS CORPORATION, a Florida Corporation, Appellant,
v.
SONICS INTERNATIONAL, INC., a Florida Corporation, Appellee.
No. 82-1595.
District Court of Appeal of Florida, Third District.
March 1, 1983.
Barnett & Kress and Robert Barnett, Miami, for appellant.
Gerald V. Walsh, Miami, for appellee.
Before SCHWARTZ, C.J., and HENDRY and BASKIN, JJ.
SCHWARTZ, Chief Judge.
When a distributorship agreement between the appellee Sonics International, Inc. and Mexcor S.A. was terminated, Sonics allegedly owed Mexcor over $175,000 in commissions it had earned while the contract was in effect. Mexcor assigned the claim against Sonics to the appellant Cordis Corporation, and Cordis, in turn, sued Sonics to recover the unpaid amount. Sonics moved to dismiss the action on the ground that it had not agreed to the assignment as it asserted was required by the following provision of its agreement with Mexcor:
The rights of Distributor [Mexcor], hereunder shall not be assigned or transferred, either voluntarily or by operation of law, without [Sonics International's] written consent, nor shall the duties of Distributor hereunder be delegated in whole or in part. Any such assignment, transfer or delegation shall be of no force or effect. This Agreement shall be binding upon Distributor and inure to the benefit of SI, its successors and/or assigns.
*783 In this appeal, Cordis challenges the trial court's order granting the motion on this basis and dismissing the complaint with prejudice. We reverse.
It is clear that, while contractual provisions against assignability are generally enforceable in Florida, Troup v. Meyer, 116 So.2d 467 (Fla. 3d DCA 1959), the clause relied on by Sonics is inapplicable to the present situation. One which, like this, forbids only the assignment of a party's "rights" under a contract simply does not preclude the assignment of an accrued claim for damages arising from its breach. Rosecrans v. William S. Lozier, Inc., 142 F.2d 118, 124 (8th Cir.1944) ("The prohibition of the contract against assignment is against an assignment of the rights and privileges under the contract. This prohibition of assignment does not, however, prohibit the assignment of a claim for damages on account of breach of the contract."); Charles L. Bowman & Co. v. Erwin, 468 F.2d 1293, 1297 (5th Cir.1972) ("The law draws a distinction ... between assignment of performance due under a contract and assignment of the right to receive contractual payments."); Trubowitch v. Riverbank Canning Co., 30 Cal.2d 335, 182 P.2d 182 (1947); see also, Portuguese-American Bank of San Francisco v. Welles, 242 U.S. 7, 37 S.Ct. 3, 61 L.Ed. 116 (1916). In Troup, supra, upon which Sonics heavily relies, the contract expressly forbade the assignment of "commissions accruing under this agreement."[1] 116 So.2d at 468. Cf. also, Rafkind v. Simon, 402 So.2d 22 (Fla. 3d DCA 1981) (enforcing specific prohibition against assignment of partnership interest in joint venture agreement). In decisive contrast, the provision before us has no effect upon Mexcor's well-established right freely to assign its chose in action for the damages caused by Sonics' breach. Spears v. West Coast Builders' Supply Co., 101 Fla. 980, 133 So. 97 (1931); Oceanic International Corp. v. Lantana Boatyard, 402 So.2d 507, 512 (Fla. 4th DCA 1981); 4 Fla.Jur.2d Assignments § 5 (1978). We therefore reverse the order of dismissal and remand for further consistent proceedings.
Reversed and remanded.
NOTES
[1] We need not decide either whether, insofar as it restricts the assignability of an accrued chose of action, the Troup decision should be overruled, see Portuguese-American Bank of San Francisco v. Welles, supra, or whether the UCC, which would unquestionably invalidate such a provision, Sec. 679.318(4), Fla. Stat. (1979); Florida First National Bank v. Fryd Construction Corp., 245 So.2d 883 (Fla. 3d DCA 1971), applies to the instant case.