433 So.2d 70 (1983)
Sidney H. PALEY and Allen Tucker, Appellants,
v.
COCOA MASONRY, INC., Roy Paul, James T. Paul, Cocoa Masonry of Pinellas County, Inc., Cocoa Masonry of Orange County, Inc., and Cocoa, Inc., Appellees.
No. 82-1181.
District Court of Appeal of Florida, Second District.
June 22, 1983.
Barry J. McCaughey of McCaughey, Knaust & Evans, St. Petersburg, for appellants.
Seymour A. Gordon of Gay & Gordon, St. Petersburg, for appellees.
DANAHY, Judge.
The appellees (Cocoa Masonry) entered into a construction contract with Paltuco Caribbean of Florida, Inc. (Paltuco). The contract contained the following provision:
Neither party to this contract shall assign same or sublet it as a whole without the written consent of the other nor shall [Cocoa Masonry] assign any monies due or to become due to [it] hereunder without the previous written consent of [Paltuco].
The appellants brought these actions for breach of contract and equitable relief claiming that Cocoa Masonry was guilty of a breach of contract, and asserting that they are assignees of Paltuco's claims against Cocoa Masonry under the contract. The trial judge held the assignment by Paltuco to the appellants invalid under the provision of the contract quoted above, and dismissed the actions with prejudice. This appeal followed.
We disagree with the trial judge's ruling on the validity of the assignment, and reverse. Recently, our sister court had occasion to point out that a clause which forbids the assignment of a party's "rights" under a contract does not preclude the assignment of an accrued claim for damages arising from its breach. Cordis Corp. v. Sonics International, Inc., 427 So.2d 782 (Fla. 3d DCA 1983). The clause involved in the Cordis case provided that the rights of the distributor shall not be assigned or transferred without the written consent of the other party to the contract. It seems to us that this language is even stronger than the contract language involved in our case, which refers to an assignment "of the contract."
In any event, we entirely agree with the decision in the Cordis case and rely on that case in reaching our decision here that the assignment from Paltuco to the appellants was valid. As the court observed in Cordis, the prohibition of a contract against assignment is against an assignment *71 of rights and privileges under the contract. That prohibition does not prohibit the assignment of a claim for damages on account of breach of contract.
Accordingly, we reverse with directions to reinstate appellants' complaints and for further proceedings not inconsistent with this opinion.
REVERSED.
GRIMES, A.C.J., and RYDER, J., concur.