591 So.2d 953 (1991)
Robert ALDANA, Appellant,
v.
COLONIAL PALMS PLAZA, LTD., Appellee.
Nos. 90-2727, 91-909.
District Court of Appeal of Florida, Third District.
October 29, 1991.
Rehearing Denied January 30, 1992.
*954 Paul N. Contessa, Miami, for appellant.
Davis, Markel & Edwards and Howard S. Weinberg and Jeanne S. Pena, Miami, for appellee.
Before HUBBART, JORGENSON and COPE, JJ.
PER CURIAM.
The appellant, Robert Aldana, appeals an adverse summary judgment in favor of appellee, Colonial Palms Plaza, Inc. and an order awarding Colonial Palms Plaza, Inc. attorney's fees pursuant to the offer of judgment rule. We reverse.
Colonial Palms Plaza, Inc. [Landlord], entered into a lease agreement with Abby's Cakes On Dixie, Inc. [Tenant] for commercial space in a shopping center. The lease included a provision in which Landlord agreed to pay Tenant a construction allowance of up to $11,250 after Tenant satisfactorily completed certain improvements to the rented premises.
Prior to the completion of the improvements, Tenant assigned its right to receive the first $8,000 of the construction allowance to Robert Aldana [Assignee]. In return, Assignee loaned Tenant $8,000 to finance the construction. Assignee recorded the assignment and sent notice of the assignment by certified mail to Landlord.
When Tenant completed the improvements to the rented premises, Landlord ignored the assignment and paid Tenant the construction allowance. Assignee sued Landlord for the money due pursuant to the assignment. The trial court granted Landlord's motion for summary judgment. The trial court also awarded Landlord attorney's fees pursuant to the offer of judgment rule, Fla.R.Civ.P. 1.442, and costs pursuant to section 57.041, Florida Statutes (1989).
Landlord relies on an anti-assignment clause in the lease agreement to argue that the assignment was void and unenforceable. The clause states in part:
TENANT agrees not to assign, mortgage, pledge, or encumber this Lease, in whole or in part, or to sublet the whole or any part of the DEMISED PREMISES, or to permit the use of the whole or any part of the DEMISED PREMISES by any licensee or concessionaire, without first obtaining the prior, specific written consent of LANDLORD at LANDLORD'S sole discretion. .. . Any such assignment, encumbrance or subletting without such consent shall be void and shall at LANDLORD'S option constitute a default.
On this appeal, Assignee has two main arguments. First, he claims that the *955 anti-assignment clause is rendered ineffective by Article 9 of the Uniform Commercial Code. Assignee argues that the construction allowance provision in the lease was an "account" or "general intangible" as defined by section 679.106, Florida Statutes (1989). Assignee argues that consequently, subsection 679.318(4), Florida Statutes (1989), serves to invalidate the anti-assignment clause. That subsection states:
(4) A term in any contract between an account debtor and an assignor is ineffective if it prohibits assignment of an account or prohibits creation of a security interest in a general intangible for money due or to become due or requires the account debtor's consent to such assignment or security interest.
§ 679.318(4), Fla. Stat. (1989). Assignee asserts that subsection 679.318(4) applies to this case and renders the anti-assignment clause ineffective. In the absence of the anti-assignment clause, Assignee argues the assignment is valid and binding upon Landlord.
However, Landlord correctly points out that leases are excluded from the provisions of chapter 679 (with an exception not applicable here)[1] and therefore, subsection 679.318(4) does not apply to this case. Subsection 679.104(10) provides "[t]his chapter does not apply... . to the creation or transfer of an interest in or lien on real estate, including a lease or rents thereunder." (emphasis added). Therefore, Assignee's first argument fails.
Assignee argues alternatively that under ordinary contract principles, the lease provision at issue here does not prevent the assignment of the right to receive contractual payments. We agree.
So far as pertinent here, the lease provides that "TENANT agrees not to assign ... this lease, in whole or in part...." Tenant did not assign the lease, but instead assigned a right to receive the construction allowance.
The law in this area is summarized in Restatement (Second) of Contracts, § 322(1), as follows:
(1) Unless the circumstances indicate the contrary, a contract term prohibiting assignment of "the contract" bars only the delegation to an assignee of the performance by the assignor of a duty or condition.
As a rule of construction, in other words, a prohibition against assignment of the contract (or in this case, the lease) will prevent assignment of contractual duties, but does not prevent assignment of the right to receive payments due  unless the circumstances indicate the contrary.[2]See Charles L. Bowman & Co. v. Erwin, 468 F.2d 1293, 1297 (5th Cir.1972); Cedar Point Apartments, Ltd. v. Cedar Investment Corp., 693 F.2d 748, 753 (8th Cir.1982), cert. denied, 461 U.S. 914, 103 S.Ct. 1893, 77 L.Ed.2d 283 (1983); see also Cordis Corp. v. Sonics Int'l, Inc., 427 So.2d 782, 783 (Fla. 3d DCA), review denied, 434 So.2d 889 (Fla. 1983); Paley v. Cocoa Masonry, Inc., 433 So.2d 70 (Fla. 2d DCA 1983); U.S. Indus., Inc. v. Touche Ross & Co., 854 F.2d 1223, 1234 (10th Cir.1988) (citing Cordis and Paley); 3 S. Williston, The Law of Contracts § 422 (3d ed. 1960); 4 A. Corbin, Corbin on Contracts § 872-73 (1951).
Landlord was given notice of the assignment. Delivery of the notice of the assignment to the debtor fixes accountability of the debtor to the assignee. See Boulevard Nat'l Bank v. Air Metal Indus., 176 So.2d 94, 98-99 (Fla. 1965). Therefore, Landlord was bound by the assignment. Florida First Nat'l Bank at Key West v. Fryd Constr. Corp., 245 So.2d 883, 886 (Fla. 3d DCA 1970). The trial court improperly granted final summary judgment in favor of Landlord and the judgment must be reversed. Consequently, the trial court's award of attorney's fees and costs *956 to Landlord must also be reversed. The cause is remanded for further proceedings consistent herewith.
Reversed and remanded.
NOTES
[1] There are some circumstances where a provision in a lease may create a security interest, but that is not the situation presented here. See generally J. White & R. Summers, Uniform Commercial Code § 23-7 (3d ed. 1988).
[2] An example of the latter situation is Troup v. Meyer, 116 So.2d 467, 469 (Fla. 3d DCA 1959), in which the contract by express language prohibited an insurance agent from assigning commissions due him.