KLEIN, J.
Mr. Evans, who settled his personal injury case through a structured settlement, attempted to assign the periodic annuity payments he was receiving from Travelers to First Providian, in exchange for a lump sum. The transfer of structured settlements is regulated by statute and court approval is required. We affirm the trial court’s refusal to approve the assignment.
In order to obtain court approval of a transfer of structured settlement payments, the transferee must provide the court and all interested parties notice of the proposed transfer. § 626.99296(4), Fla. Stat. (2001). A written response to the application for transfer “must” be filed within fifteen days after service of the transferee’s notice. § 626.99296(4)(e).
Travelers filed an objection to the transfer; however, it was several days beyond the fifteen day period. The trial court nevertheless considered Travelers’ response and denied the transfer. First Providian argues that, because the statute provides that the response “must” be filed within fifteen days, the court could not consider Travelers’ untimely objections and should have approved the assignment.
*909 The use of the word “must” in this statute is directory, not mandatory. As our supreme court explained in Schneider v. Gustafson Industries, Inc., 139 So.2d 423, 425 (Fla.1962):
Mandatory language has in a number of cases been construed as directory, dependent upon the history and subject matter of the particular provision, and as a general rule statutes setting the time when a thing is to be done are regarded as merely directory, where no provision restraining the doing of it after that time is included and the act in question is not one upon which court jurisdiction depends, [footnote omitted.]
As in Schneider, this statute does not restrain the court from considering a response filed beyond the time period. We therefore find no error in the court’s consideration of the response.
As to the substantive issue of whether the court properly denied the assignment, which has barely been addressed by First Providian, we note that the release, which provides for the structured settlement, prohibits the claimant from assigning or accelerating the periodic payments. Section 626.99296(3)(b) authorizes a court to deny the transfer of a structured settlement if it would “contravene the terms” of the settlement.
According to Travelers, if the periodic payments to the claimant were accelerated, Travelers could lose favorable tax treatment accorded structured settlements under the Internal Revenue Code, 26 U.S.C. § 130. This tax treatment is addressed in Liberty Life Assurance Co. v. Stone St. Capital, Inc., 93 F.Supp.2d 630 (D.Md.2000); Grieve v. General American Life Insurance Co., 58 F.Supp.2d 319 (D.Vt.1999); CGU Insurance Co. of America v. Metropolitan Mortgage & Securities Co., Inc., 131 F.Supp.2d 670 (E.D.Pa.2001). According to these cases, if the settlement complies with 26 U.S.C. § 130, the payment received by the annuity issuer, in return for making periodic payments to the claimant, is not fully taxable as income to the annuity issuer in the year in which the payment is received. One of the conditions for this treatment is nonassignability of the periodic payments. In the above cases the court determined that the risk of adverse tax consequences warranted upholding the nonassignability provision in the structured settlement documents.
Affirmed.
SHAHOOD and GROSS, JJ., concur.