COPE, J.
Singer Asset Finance Company, L.L.C., appeals a summary judgment in its suit on two loans secured by assignments of the payment stream of a structured settlement agreement. We respectfully disagree with the trial court and conclude that the summary judgment must be reversed.
I.
In 1995, the Estate of Anna Symonette entered into a settlement with Jackson Manor Nursing Home, Inc. The Estate had sued for wrongful death arising out of alleged negligence while Ms. Symonette was a patient at the nursing home.
The settlement agreement provided for a structured settlement. There was an initial lump sum payment, followed by installment payments of $1,500 per month for twenty years. There were to be additional lump sum payments at five, ten, fifteen, and twenty years.
Dorothy J. Bethel was the payee of the structured settlement. She designated a cousin, Shirley Cravatt, and Antonio Eugene Williams, her son, to receive the payments in the event that she died before twenty years had expired. The payors of the structured settlement were GE Capital Assignment Corporation and Great Northern Insured Annuity Corporation (“the Payors”).
In 1999, Ms. Bethel executed two notes whereby she borrowed $129,100 against the payment stream of the structured settlement. The notes were to be repaid by one hundred eighty-four-monthly installments of the structured settlement agreement. This included the payments due between July 1999 and October 2014. The loan was made by Merrick Bank Corporation in Utah, but the notes were assigned to appellant Singer Asset.
Ms. Bethel advised the Payors of the assignment and directed them to send the monthly payments to an address specified by the lender. The Payors complied with this instruction.
As part of the loan transaction, the lender required Ms. Bethel to change the beneficiary of the structured settlement agreement to be her Estate, instead of the previously-designated beneficiaries, Ms. Cravatt and Mr. Williams. She did so.
In 2000, Ms. Bethel died. The appellee, Harry Tempkins, was appointed Curator of Ms. Bethel’s Estate.
Singer Asset filed a claim against the estate for repayment of the loans. The Curator objected and Singer Asset filed this adversary action. In it, Singer has filed suit on the notes, sought to foreclose its security interest on the payment stream, requested imposition of a constructive trust on the monthly payments, and has made a claim for unjust enrichment. During the litigation, the Payors have made the monthly payments to the Estate.
On the Curator’s motion for summary judgment, the trial court ruled in substance that while Ms. Bethel’s assignment may have been valid during her lifetime, the remainder of the payment stream could not be encumbered, nor the beneficiaries changed, without the beneficiaries’ consent. Singer Asset has appealed.
II.
We begin with an important caveat. Effective October 1, 2001, loans of the type involved here are regulated by statute. See § 626.99296, Fla. Stat. (2001); see also ch.2001-207, 2001-247, Laws of Fla. The new statute governs transactions occurring on or after October 1, 2001, and contains a *917 procedure requiring court approval. See § 626.99296(3)-(5), Fla. Stat. (2001).
Because the loans now before us were made prior to the effective date of the statute, the statute does not apply here.
III.
The structured settlement agreement provided in part:
3. Payee’s Right to Payments
Said payments to Payee required herein cannot be accelerated, deferred, increased or decreased by the Payee and no part of the payments called for herein or any assets of the Defendant and/or the Insurer is to be subject to execution or any legal process for any obligation in any manner, nor shall the Payee have right, power or authority to sell or mortgage or encumber same, or any part thereof, nor anticipate the same or any part thereof, by assignment or otherwise.
(Emphasis added).
The parties to the structured settlement agreement were Ms. Bethel and the Pay-ors. Thus under the structured settlement agreement, Ms. Bethel (the Payee) did not have the right to sell, mortgage, encumber, or assign the payment stream.
Ms. Bethel’s promise ran to, and was for the benefit of, the Payors. Under this provision the Payors are not obliged to deal with third parties unless the Payors choose to do so. “Contractual provisions against assignability are generally enforceable in Florida.... ” Cordis Corporation v. Sonics International, Inc., 427 So.2d 782, 783 (Fla. 3d DCA 1983) (citation omitted). It is for the Payors to decide whether to enforce or decline to enforce the anti-assignment provision. The Payors have not objected to any of the arrangements entered into by Ms. Bethel.
During Ms. Bethel’s lifetime, the monthly payments went to Singer Asset as agreed. The Bethel Estate does not seek any return of payments already made and, as previously stated, the Payors were free to make those payments at the request of Ms. Bethel if they so chose.
The Bethel Estate argues, and the trial court agreed, that the controlling legal principles changed at Ms. Bethel’s death. As part of the transaction with Singer Asset, Ms. Bethel changed the beneficiaries of the structured settlement agreement. The original beneficiaries were her cousin Ms. Cravatt and her son Mr. Williams. Ms. Bethel changed the beneficiary of the structured settlement agreement to be her Estate. The trial court ruled that Ms. Bethel “could not alienate the benefits to her heirs.... ”
We respectfully disagree with the trial court’s analysis on this point. The structured settlement agreement specifically allowed Ms. Bethel to designate a beneficiary in writing and also allowed for a written revocation of any such designation.[1] Thus, Ms. Bethel was allowed to change the ben *918 eficiary designation in the way that she did.
In the end, the reality is that Ms. Bethel was the Payee of an income stream who chose to exchange that payment stream for a lump sum payment of $129,100. The terms of the transaction are clear, and Singer Asset paid the agreed-upon sum. We conclude that the Bethel Estate is bound by Ms. Bethel’s actions. The agreements are enforceable in accordance with their terms.
This matter came before the trial court on cross-motions for summary judgment. We conclude that the summary judgment in favor of the Curator must be reversed, and the cause remanded with directions to enter summary judgment in favor of Singer Asset.
Reversed and remanded.

. The relevant contractual provision stated:
7. Payee’s Beneficiary
Any payments to be made after the death of the Payee in accordance with the terms of this Settlement Agreement shall be made to the beneficiary designated herein or to such beneficiary as may be requested in writing by the Payee to the Assignee. If no beneficiary is designated herein or requested by the Payee, the payment shall be made to the estate of the Payee. No request made under the section nor any revocation thereof shall be effective unless it is in writing and delivered to the Assignee. Payments due after the death of the Payee shall be made to Shirley Cravatt, cousin, and Antonio Eugene Williams, son, equally or to the survivor.
(Emphasis added).