WARNER, J.
Rapid Settlements (“Rapid”) appeals a final order in which the trial court denied its petition to approve the proposed transfer of structured settlement payment rights from Kimberly Dickerson to Rapid Settlements in exchange for a lump sum payment. We affirm, as the structured settlement agreement contains an anti-assignment provision, which we find valid and enforceable.
The structured settlement payment rights at issue in this case arise out of a 1989 settlement agreement entered into by Kimberly Dickerson, which resolved a personal injury action filed by Ms. Dickerson and her husband. In July 2005, Rapid filed a petition with the circuit court in which Rapid requested court approval of a proposed transfer of periodic payments under Ms. Dickerson’s structured settlement agreement. Pursuant to the proposed transfer, Ms. Dickerson sought to transfer to Rapid certain payments under the structured settlement. Symetra, the structured settlement obligor and annuity issuer, filed an objection to the transfer as an interested party. The trial court denied Rapid’s petition, prompting this appeal.
Transfers of structured settlement payment rights are regulated by statute and court approval is required before a transfer may go forward. See § 626.99296, Fla. Stat. (2005). Section 626.99296(3)(b), Florida Statutes, provides that if a proposed transfer would contravene the terms of the structured settlement and an interested party objects to the transfer, “the court may grant, deny, or impose conditions upon the proposed transfer which the court deems just and proper given the facts and circumstances and in accordance with established principles of law.”
The structured settlement agreement under which the payments to Ms. Dickerson are due contains an anti-assignment provision which states that Ms. Dickerson did not have the “power” to assign the periodic payments:
Said payments cannot be accelerated, deferred, increased or decreased by the *1277 Releasing Parties and no part of the payments called for herein or any assets of the Released Parties or their assign-ee, are to be subject to execution or any legal process for any obligation in any manner, nor shall the Releasing Parties have the power to sell or mortgage or encumber same, or any part thereof, nor anticipate the same, or any part thereof, by assignment or otherwise.
As a rule of construction, a prohibition against assignment of a contract will prevent assignment of the contractual duties, but does not prevent assignment of the right to receive payments due — unless the circumstances indicate the contrary. Aldana v. Colonial Palms Plaza, Ltd,., 591 So.2d 953, 955 (Fla. 3d DCA 1991). Where the contract prohibits assignment of payments, it will be enforced. See Troup v. Meyer, 116 So.2d 467 (Fla. 3d DCA 1959). The language of this contract expressly prohibits the assignment of payments.
Where, as here, a proposed transfer contravenes the terms of the structured settlement agreement, Florida’s Structured Settlement Protection Act expressly permits the trial court to deny the proposed transfer. See First Providian, L.L.C. v. Evans, 852 So.2d 908, 909 (Fla. 4th DCA 2003) (“Section 626.99296(3)(b) authorizes a court to deny the transfer of a structured settlement if it would ‘contravene the terms’ of the settlement.”). Therefore, the trial court did not err in denying Rapid’s petition.
We affirm on all other issues raised.
STEVENSON, C.J., and TAYLOR, J., concur.