IRVING SACKS, Doing Business as METROPOLITAN CREDIT COMPANY, Respondent, *v.* NEPTUNE METER COMPANY, Appellant.*

First Department, April 7, 1933.

---

*Affg. 144 Misc. 70.

*Saul Adelman*, for the appellant.

*Harris Jay Griston* of counsel [*Samuel G. Litwin*, attorney], for the respondent.

O'MALLEY, J. Plaintiff sues as assignee of one Raybeck to recover certain wages earned by his assignor, from the defendant. The plaintiff declares for money had and received. The defense is predicated upon (1) the non-assignability of the wages sued for, and (2) an express agreement made by the employee not to assign. The writing in question signed by Raybeck at the time he entered the employ of the defendant was as follows: " It is hereby expressly agreed by and between the employee and the employer that during the period of employment the employee will make no assignment of any kind or nature, of the wages earned by him, either by power of attorney, conditional sales contract or any other agreement designed to compel the employer to pay such wages to any * * * person other than the employee."

We are indebted to the Appellate Term for two well-considered opinions (*Sachs* v. *Neptune Meter Company*, 144 Misc. 70), wherein are stated the essential facts and principles of law applicable. We agree with the conclusion reached in the prevailing opinion of Mr. Justice UNTERMYER. We agree with him that the covenant above quoted does not provide that the wages of the employee are not assignable or that an assignment if attempted should vest no interest in the assignee as against the employer. There was but a personal covenant of the employee for breach of which the employer might, if damages ensued, have a cause of action.

While unnecessary to the particular decision, we are also of opinion that an agreement of the character here involved may be drawn so as to prevent assignment notwithstanding the provisions of section 41 of the Personal Property Law.

It follows, therefore, that the determination appealed from should be affirmed, with costs.

FINCH, P. J., MERRELL, SHERMAN and TOWNLEY, JJ., concur.

Determination affirmed, with costs and disbursements.