Carroll M. Roberts, J.
Defendant was the general contractor in connection with the construction of the Community War Memorial building in Rochester, New York. Earl M. Merkel, Inc. had a subcontract with the defendant for certain painting work. On September 4, 1956 the subcontractor assigned to the plaintiff the sum of $2,200 due or to grow due to it from the general contractor. At the time of said assignment there was however a final balance actually due from the contractor to the subcontractor of only $2,180.20. It is claimed by the plaintiff that with notice of said assignment the defendant paid said balance to the subcontractor assignor and not to the plaintiff assignee. The present action is brought by the plaintiff to recover of the defendant contractor said sum of $2,180.20, with interest.
The defendant here moves for summary judgment dismissing the complaint upon the ground that said assignment was void and of no effect. The claim of invalidity is based upon the clause contained in the subcontract reading as follows: “ Neither party to this contract shall assign the contract without the written consent of the other, nor shall the Subcontractor assign any moneys due or to become due to him hereunder without the previous written consent of the Contractor.” (Emphasis supplied.)
It is undisputed that the assignment in question was made without the written consent of the defendant contractor. The question for determination is whether the language of the contract rendered the assignment in question absolutely void, or whether such language amounted only to a personal covenant on the part of the subcontractor, breach of which would give rise to a claim for damages against it.
Assignments made in contravention of a prohibition clause in a contract are void if the contract contains clear, definite and appropriate language declaring the invalidity of such assignments. (Allhusen v. Caristo Constr. Corp., 303 N. Y. 446.) To accomplish this result, “ The plainest words should have been chosen, so that he who runs could read ” (State Bank v. Central Mercantile Bank, 248 N. Y. 428, 435). On the other hand, where the language employed constitutes merely a per *230 sonal covenant against assignments, an assignment made in violation of such covenant is not void, but the making of the assignment gives rise only to a claim for damages against the assignor for violation of the covenant. (Sachs v. Neptune Meter Co., 144 Misc. 70, affd. 238 App. Div. 82; Manchester v. Kendall, 19 Jones & Sp. 460, affd. 103 N. Y. 638.)
The clause of the contract here in question contained no provision that an assignment made without the consent of the contractor should be void, nor does it provide that an assignee would acquire no rights by reason of any such assignment, nor does it provide that the contractor shall not be required to recognize or accept any such assignment. The clause does not therefor contain such clear, definite and appropriate language as to the invalidity of an assignment as moved the court to hold assignments void in Allhusen v. Caristo Constr. Corp. (303 N. Y. 446, supra) and Sillman v. Twentieth Century-Fox Film Corp. (2 A D 2d 662). On the contrary, the language employed constitutes merely a personal covenant on the part of the subcontractor that it would not assign without written consent,
The Court of Appeals in Allhusen cited both Sachs and Manchester and distinguished those cases because of the difference in the language of the contracts relating to assignments. In Allhusen, the contract declared that any assignment of money due or to become due without written consent “ shall be void ”. In Sachs and Manchester there was merely, as here, a covenant not to assign. We find nothing in the Allhusen decision indicating an intent to overrule these earlier decisions or to modify the rule they established.
The conclusion reached requires the denial of defendant’s motion for summary judgment.
Plaintiff has here made a cross motion for summary judgment which involves the determination of whether there are any triable issues of fact.
The answer admits that the subcontractor performed certain work, labor and services, and furnished certain materials to the defendant, for which the defendant owed said subcontractor on and prior to September 6, 1956 the sum of $2,180.20. The answer denies that the assignment was made by the subcontractor to the plaintiff for value and that the plaintiff is the owner and holder thereof and that notice of said assignment was given to the defendant. Defendant also denies the allegation that it has failed and refused to pay the sum of $2,180.20 and that said sum is now justly due and owing to the plaintiff with interest. The answer pleads as an affirmative defense that payment was made to the subcontractor on October *231 2,1956, and that the assignment was never legally made because no consent to the same was given by the defendant.
A copy of the assignment is annexed to the complaint and it recites that it was given for good and valuable consideration. No facts have been presented by the defendant which would raise any triable issue as to the making and delivery of said assignment. The defense of invalidity based on the absence of consent has already been disposed of by the denial of defendant’s motion for summary judgment.
The defense that contractor had no notice of the assignment, and the defense of payment, are equally without merit' and present no triable issue.
Correspondence between the parties was made a part of the affidavits submitted on the motion. From this it appears that on September 4, 1956, the same day upon which the assignment was executed, the attorney for the assignee mailed a duplicate of said assignment to the defendant with the request that they make their check for the amount thereof payable to the plaintiff. On September 6, 1956 the defendant returned the assignment to the attorney for plaintiff with a copy of a letter addressed to the subcontractor. The letter stated that the amount due the subcontractor was less than the assignment, to wit, $2,180.20, and that no written consent to the assignment had been given. However, it added that final payment was expected early and if the subcontractor would sign a labor material affidavit and a waiver of lien the contractor would be in a better position to settle the account. The waiver of lien and affidavit were subsequently returned by the contractor, the affidavit reciting that the work of the subcontractor had been completed and that all claims for labor and material to the general contractor had been paid in full. It did not, however, deny making the assignment or question the rights of the plaintiff thereunder. Under date of September 11 the plaintiff’s attorney again wrote to the defendant, asking to be advised as soon as it was ascertained how much was due the subcontractor and when and how payment was to be made. The defendant replied to this letter under date of September 27, 1956 advising the attorneys for the plaintiff that the defendant anticipated sending its check to the subcontractor within the next few days. On September 30 the attorney for the plaintiff replied to this letter and requested the defendant to see that the plaintiff’s name was inserted as one of the payees in the check. Payment of $2,180.20 was made on October 2, 1956 to the subcontractor following this exchange of correspondence. On December 7, 1956, the defendant wrote plaintiff’s attorneys in answer to their letter advising that the *232 defendant had no assignment on this account and that the account had been paid in full.
From the foregoing it appears that the defendant was duly notified of said assignment and furnished a copy thereof shortly after it was made. The fact that the assignment was not for the identical amount due and owing to the subcontractor is wholly immaterial. The assignment was for a sum slightly in excess of the amount due and owing so that the entire balance due the subcontractor was payable to the assignee pursuant to the terms of said assignment. There is nothing in the correspondence to indicate that the assignee waived any of its rights thereunder or consented that payment be made to the subcontractor. In fact, by letter dated two days before the payment was actually made, the attorney for the assignee specifically requested defendant to include the name of the assignee in any check which might be issued.
The notice of an assignment puts a debtor on guard, and if thereafter he pays any money to the assignor which under the terms of the assignment belongs to the assignee, or if he does anything prejudicial to the rights of the assignee he is liable for the resulting damage. (Continental Purchasing Co. v. Van Raalte Co., 251 App. Div. 151. ) A party who pays after proper notice of an assignment and demand, does so at his peril. (Becker v. New Penn Development Corp., 269 App. Div. 395, 397.)
The plaintiff stood in the position of its assignor and was entitled to any payment due the assignor up to the amount of the assignment. (Scheffer v. Erie County Sav. Bank, 229 N. Y. 50, 53-54.) It is therefore entitled to judgment in the sum of $2,180.20 together with interest thereon from October 2, 1956, the date on which defendant wrongfully made the payment to the assignor, which is now insolvent.
Motion of defendant for a summary judgment is denied, and cross motion of the plaintiff for a summary judgment is granted, and plaintiff is awarded judgment in the sum of $2,180.20 together with interest thereon from October 2, 1956, besides the costs and disbursements of this action to be taxed.