David 0. Boehm, J.
This is an appeal from a judgment of the City Court of Rochester, Civil Branch (Judge Alphonse L. Cassetti) against the City of Rochester (hereinafter “ City”) and in favor of Lincoln Rochester Trust Company (hereinafter “ Lincoln Rochester ”) on August 17, 1970 and filed September 17, 1970.
The facts are as follows. A special proceeding was brought by Lincoln Rochester against respondents S. C. Marasco Steel, Inc. (hereinafter “Marasco”) and the City to determine adverse claims to an obligation of the City due Tarant Contractors, Inc. (hereinafter “Tarant”). The City and Tarant had previously executed a one-year contract on October 3, 1968 for Tarant to provide labor and materials to the City in correcting private housing building code violations and the City was to pay Tarant for labor and materials plus a percentage for *296 overhead and profit. Lincoln Rochester advanced funds to Tarant as work orders were issued and such advances were secured by an assignment to Lincoln Rochester of the moneys due or to become due under its contract with the City. The City of Rochester, by letter dated November 18, 1969, consented to the assignment, which was then executed by the president of Tarant on November 21, 1969. Copies of the assignment were filed with the Monroe County Clerk’s office, the City Comptroller, and Director of Property Conservation. Apparently the requirements of the Uniform Commercial Code were complied with by filing financing statements in the appropriate public offices as well as notices and copies of the assignment.
About the 23rd day of April, 1970, Marasco obtained a judgment against Tarant from the City Court of Rochester in the amount of $2,106.31, and an execution with notice to garnishee was issued thereon and delivered to the City on April 24, 1970. On April 27, 1970, the City of Rochester paid $2,182.63 to Marasco’s attorney and informed Lincoln Rochester that it had deducted said amount from funds still due and owing to Tarant under the contract of October 3, 1968. Thereafter, on April 28, 1970, a City Marshal, after having been informed of such payment, filed a satisfaction of execution with the City Court of Rochester.
Judge Cassetti rendered a decision on July 21, 1970, holding that Lincoln Rochester was entitled to judgment against the City in the amount of $2,182.63, together with costs and disbursements. The petition against respondent Marasco was dismissed.
The City disputes the finding by the City Court that the City did not serve an answer, but has failed to show such service except in its own memorandum of law. The City Court was obviously never presented with an answer from the City because the decision refers to the absence of that pleading. It is not among the papers in the Monroe County Clerk’s office filed with the notice of appeal, judgment, decision and the pleadings and other papers.
Essentially, the City argues that it should not be held liable since it was only an “ innocent stakeholder” and is being punished for its obedience to a garnishment order of a court of record. That is not precisely the case. If it is being punished, it is not for innocence but for negligence. Long before service of the Marasco execution upon it, it knew of the assignment to Lincoln Rochester and consented to it. By letter dated November 38, 1969 addressed to a vice-president of Lincoln Rochester, the Deputy City Comptroller wrote: ‘ ‘ Pursuant to Part I, Section 16 of the Information for Bidders incorporated by reference *297 into the contract between the City of Rochester, New York and Tarant Contractors, Inc. dated October 3, 1968, the City of Rochester hereby consents to the assignment by Tarant Contractors, Inc. of all moneys now due to [sic] become due under said contract to Lincoln Rochester Trust Company.”
An obligor who pays to someone other than the assignee after proper notice of the assignment, does so at his own peril. 1 ‘ After notice of the transfer, the debtor is put on his guard, and if he makes payment to the assignor or does anything prejudicial to the rights of the assignee, * * * he will not be protected as against the assignee.” (3 N. Y. Jur., Assignments, § 40, p. 302).
In the absence of fraud or duress, an assignee of money due or to become due under a contract or chose in action has priority over subsequent attaching creditors. (CPLR 5202, subd. [a], par. 1 ; Kniffin v. State of New York, 257 App. Div. 43, mod. 283 N. Y. 317, mot. for rearg. den. 284 N. Y. 593, cert. den. 312 U. S. 690 ; Stathos v. Murphy, 26 A D 2d 500, affd. 19 N Y 2d 883.)
This common-law protection of the debt on behalf of an assignee extends to the assignment of money earned in a work, labor and materials contract, provided the filing requirements of the Lien Law are complied with. (American Blower Corp. v. James Talcott, Inc., 18 Misc 2d 1031, affd. 11 A D 2d 654, affd. 10 N Y 2d 282 ; Davis & Warshow v. S. Iser, Inc., 30 Misc 2d 528 ; Matter of Iselin & Co. v. Burgess & Leigh, 52 Misc 2d 821 ; 3 N. Y. Jur., Assignments, § 39.)
Further, the assignment of a fund by a debtor eliminates that fund as an asset which may be attached by a subsequent judgment creditor of the debtor. (Eljam Mason Supply v. Fireman’s Fund Amer. Ins. Co., 60 Misc 2d 789 ; 6 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5225.16.)
There is no question that under both the facts and law Lincoln Rochester had priority over Marasco and that the City, when it paid the funds to Marasco, knew of Tarant’s prior assignment of such funds to Lincoln Rochester. Therefore, the only question left to consider is whether City Court had jurisdiction to render the judgment in favor of Lincoln Rochester in the CPLR 5239 proceeding brought by it.
A special proceeding under CPLR 5239 is applicable ‘ ‘ prior to the application of property or debt by a sheriff or receiver to the satisfaction of a judgment ”, Here the debt had been applied, i.e., paid over — not by the attaching officer, but by the City directly to the judgment creditor. However, Lincoln Rochester takes the position that the above language refers to filing of the return, so that at any time before a return is filed a *298 CPLR 5239 proceeding may be brought. The City Court properly decided otherwise, for the language of the section is clear and refers to actual delivery, payment or transfer at a time when the property or debt is still under the control of a sheriff or receiver rather than to a mere ministerial filing act. (6 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5239.03; see, also, par. 5239.07; cf. CPLR 5234, subd. [c].)
Although the propriety of proceeding under CPLR 5239 was properly questioned (see, e.g., V P Supply Corp. v. Normand, 27 A D 2d 797), and City Court ruled accordingly, the City has, nevertheless, waived any right to now contest the very proceeding where it appeared and defaulted in either pleading or submitting proof. We are not dealing with a question of jurisdiction, but of procedure, and the City should not now complain that the relief granted was by way of an incorrect procedural remedy, particularly where, as here, the assignee moved expeditiously and would have been properly under CPLR 5239 but for the improper payment by the City.
CPLR 5232 (subd. [a]) requires a garnishee to pay directly to the attaching officer, in this case the Marshal, and until such transfer or payment, or until the expiration of 90 days after service of the execution upon it, the garnishee is ‘ ‘ forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff, except upon direction of the sheriff or pursuant to an order of the court.”
Therefore, the City was clearly wrong in making payment under these circumstances directly to the judgment creditor and should not be permitted to now assert, for the first time and after its own default, a defect in the proceeding which, if it exists at all, came about solely by reason of its own conceded violation of the CPLR. In a very real sense, the attaching officer never applied the property for the reason that he was never given the chance to do so. City Court was correct, therefore, in holding that the assignee was not barred from recovering in the CPLR 5239 proceeding brought by it.
In his Supplementary Practice Commentaries to CPLR 5225 (McKinney’s Cons. Laws of N. Y., Book 7B, Supplement, pp. 99-101) Professor David D. Siegel suggests that the intent of CPLR 5225, 5227 and 5239 is that they be viewed as a “ statutory trio”. He states (p. 99): “ As long as all of the parties in interest or contended interest are before the court by appropriate notice issued out of the proceeding, none can claim procedural *299 prejudice * * * There is no magic in an 1 action ’ that makes it necessary for plenary rights to be adjudicated there rather than in a ‘ proceeding ’. As long as notice and opportunity to be heard requirements are satisfied, the one is as good as the other and the CPLR at last recognizes this.”
If the City had any doubt as to the correct order of priority between the assignee and the judgment creditor, its remedy was to interplead Lincoln Rochester so that a determination of all claims to the debt could be made in a single proceeding. (Matter of Ruvolo v. Long Is. R. R. Co., 45 Misc 2d 136.) This it failed to do. Lincoln Rochester very properly argues that it should not be prejudiced because of this failure.
The judgment is affirmed.