FRANCIS R. BELGE, Appellant, *v.* AETNA CASUALTY AND SURETY COMPANY, Respondent.

Fourth Department, July 6, 1972.

*Stephen Shostak* (*John S. Hogg* of counsel), for appellant.

*Mackenzie, Smith, Lewis, Michell & Hughes* (*Kenneth E. Ackerman* of counsel), for respondent.

WITMER, J. Plaintiff appeals from a judgment dismissing his complaint after a trial without a jury. The action was brought to collect the amount of a fire insurance policy in the sum of $17,000 issued by defendant insurer to the plaintiff upon a one-family dwelling at No. 274 Pulteney Street in the City of Geneva, New York. During the life of the policy the premises were damaged by fire to an extent, plaintiff claims, in excess of the insurance coverage. Defendant entered a general denial and some affirmative defenses not presented on this appeal. After trial of the issues the trial court held that plaintiff had no insurable interest in the property at the time of the fire, and he therefore dismissed the complaint; and that is the ground of this appeal.

It appears that in 1963 T. D. J. Builders, Inc. (Builders) bought the subject property and immediately entered into a contract with Glen Damon and wife to sell it to them for the sum of $15,080, $2,080 of which was paid on execution of the contract. The Damons occupied the property and made payments on the purchase contract until the spring of 1966; but no payment was made thereafter upon the contract price. The Damons were indebted to Francis R. Belge, the plaintiff, in the sum of $12,000, and on February 10, 1964 they assigned their interest in this purchase contract to plaintiff in consideration of their indebtedness to him. The purchase contract, however, contained a clause, paragraph Eighth, providing that the purchasers would not assign it without the seller's (Builders') written consent. The paragraph reads as follows: " This Agreement shall be binding upon the personal representatives, distributees and assigns of the parties hereto, and shall not be assigned by the Purchasers without the written consent of the Seller thereto."

The Damons and plaintiff sought the consent of Builders for the assignment, but such consent was refused. Nevertheless, plaintiff accepted the assignment and undertook ownership rights in the property. On December 14, 1966 plaintiff insured the property with defendant, which then issued the policy in suit, and plaintiff paid the premium therefor.

On February 1, 1967 plaintiff leased the property to one Crosby for the sum of $1,710 per year. This tenant was occupying the premises on February 9, 1967 when it was damaged by fire. By virtue of the limitation on assignment provision in Builders' contract with the Damons, defendant asserts that plaintiff has no insurable interest in the property and no right to recover under the policy. The issue thus presented is whether the contract provision against its assignment without the seller's consent prevented plaintiff from acquiring an insurable interest in the subject property.

A basic rule of construction of nonassignability clauses is that in the absence of language explicitly barring assignment of a contract right so as to provide that any assignment of it shall be void, a clause prohibiting assignment will be interpreted as a personal covenant not to assign (*Sillman* v. *Twentieth Century-Fox*, 3 N Y 2d 395; *Allhusen* v. *Caristo Constr. Corp.*, 303 N. Y. 446; *Manchester* v. *Kendall*, 19 Jones & Sp. 460, affd. 103 N. Y. 638; *Sacks* v. *Neptune Meter Co.*, 144 Misc. 70, 77 [App. Term], affd. 238 App. Div. 82; *Empire Discount Corp.* v. *Bouley Co.*, 5 Misc 2d 228). Thus, a breach of covenant not to assign creates a right in the contract obligee (Builders) to recover against the obligor-assignor (Damons) any damage suffered by reason of the assignment, but it does not affect the transfer of contract rights to the assignee (*Sillman* v. *Twentieth Century-Fox, supra*; *Allhusen* v. *Caristo Constr. Corp., supra*; *Sacks* v. *Neptune Meter Co., supra*; and *Empire Discount Corp.* v. *Bouley Co., supra*). In the *Empire Discount Corp.* case (*supra*, p. 230) the court wrote: "The clause of the contract here in question contained no provision that an assignment made without the consent of the contractor should be void, nor does it provide that an assignee would acquire no rights by reason of any such assignment, nor does it provide that the contractor shall not be required to recognize or accept any such assignment. * * * the language employed constitutes merely a personal covenant on the part of the subcontractor that it would not assign without written consent."

The decisive consideration is not whether the assignee knew of the contract requirement of consent to assignment nor

whether the contract obligee wrongfully withheld consent thereto, but whether the assignor had the basic, fundamental right to transfer his valuable contract interest. The nonassignability clause in the subject contract did not provide that an assignment thereof would be void. Instead it contemplated the possibility of assignment but made assignment subject to the contract obligee's written consent. In this contract, therefore, the clause constituted only a personal right to Builders to recover damages for breach of the agreement not to assign (*Fortunato* v. *Patten,* 147 N. Y. 277, 281; *Empire Discount Corp.* v. *Bouley Co., supra; Matter of Campbell,* 164 Misc. 632, 636–637, revd. on other grounds 256 App. Div. 693, affd. 281 N. Y. 685; *Hopfan* v. *Knauth,* 156 Misc. 545). It follows that in this case defendant has no standing to assert the invalidity of the assignment and of plaintiff's interest in the subject property.

In any event, the record shows that plaintiff asserted and assumed a responsible ownership interest in the property. The disputed interest, or lack thereof, which plaintiff exhibited in the payment of the real estate taxes on the property is not a material point, for in the absence of an express contract provision, an assignee is not required to assume the original responsibilities of the assignor (*Smith* v. *Morin Bros.,* 233 App. Div. 562; 3 N. Y. Jur., Assignments, § 62).

The facts in this case also indicate that Builders waived the contract provision against its assignment without consent. Knowing of the assignment of the contract, on July 1, 1966 Builders mortgaged the property to a bank to the extent of $12,500. On October 10, 1966 plaintiff wrote to Builders' attorney, noting that three months before, Builders had mortgaged the property although it had contracted to sell it to the Damons, plaintiff's assignors. Plaintiff asked that Builders advise him of the balance due on the contract and meet with him at the courthouse at Canandaigua on November 1, 1966 at 2:00 P.M., when he would pay Builders the balance due on the contract. Builders refused to meet to accept payment. Nevertheless, Builders took no action to terminate the contract nor to vacate the assignment, either before or after the fire. This passive conduct constituted a waiver of the provision against assignment of the contract (see *Sillman* v. *Twentieth Century-Fox,* 3 N Y 2d 395, 402–404, *supra*). Under such circumstances, there is no way in which defendant could gain status to object to the validity of the assignment and thus avoid liability under its policy.

We hold, therefore, that plaintiff acquired equitable ownership of the subject property under the assignment from the Damons,

that he had an insurable interest in the property and, to the extent of defendant's insurance policy thereon, is entitled to recover from defendant for the loss occasioned by the fire of February 9, 1967.

GOLDMAN, P. J., DELVECCHIO, MOULE and HENRY, JJ., concur.

Judgment unanimously reversed on the law and facts with costs and judgment granted in favor of plaintiff.