VAN GRAAFEILAND, Circuit Judge:
 

 The basic issue in this case is whether a party to a written contract, who orally assigns or subordinates his rights thereunder to a third person, can avoid the third-party transaction on the ground that a clause in the contract prohibits any modifications thereof that are not in writing and signed by the party who made the assignment or subordination. Because the judgment on appeal is based on the erroneous premise that the assignment or subordination agreement had to be in writing, we are compelled to reverse.
 

 Newmarket Company Ltd. appeals from an order of the United States District Court for the Southern District of New York (Motley, C.J.), upholding a decision of the United States Bankruptcy Court for the Southern District of New York (Schwartz-berg, B.J.), which granted summary judgment in favor of appellee, Citibank, N.A. In 1977, Citibank and Tele/Resources, Inc. entered into a revolving credit and loan agreement. As security for advances made by Citibank, Tele/Resources granted Citibank a security interest in all of Tele/Re-sources’ assets, including receivables and general intangibles. Both the loan and se
 
 *268
 
 curity agreements provided in substance that no amendment or modification would become effective unless contained in a writing signed by the bank. The security agreement also provided that Tele/Re-sources could not “create, incur, assume or suffer to exist any security agreement subject to the Uniform Commercial Code” without the prior written approval of the bank.
 

 In 1980, Tele/Resources approached Citibank to discuss the possibility of obtaining an additional advance to cover operating expenses. When the bank refused the request, Tele/Resources turned to its controlling shareholder, Newmarket, for a $250,000 loan. As part of this transaction, Tele/Re-sources gave Newmarket a promissory note stating that the loan was secured by and would be paid from the federal tax refund Tele/Resources expected to receive for the year 1977. A copy of this note was sent to Citibank, and it is Newmarket’s position, supported by the affidavit of Roger Lewis, Tele/Resources’ chief executive officer, that its loan was made with Citibank’s “knowledge, encouragement and agreement.”
 

 Thereafter, Newmarket rolled over the loan to permit Tele/Resources to substitute its expected 1980 tax refund as collateral, thus allowing the ailing company to apply its 1977 refund to immediate operating expenses. Tele/Resources executed an amendment to the promissory note stating that payment of the note was secured by and would be paid from the 1980 tax refund. Lewis’s affidavit states that this transaction also took place with Citibank’s “prior knowledge, agreement and consent.”
 

 Following the subsequent commencement by Tele/Resources of Chapter 11 bankruptcy proceedings, 11 U.S.C. § 1101
 
 et seq.,
 
 Citibank brought this action to enforce its alleged security interest in all of Tele/Re-sources’ tax refunds. Newmarket intervened, seeking an adjudication that it had a valid first priority security interest in the 1980 refund to the extent of its $250,000 loan, by reason of an assignment and/or subordination by Citibank.
 

 In granting Citibank’s motion for summary judgment, the bankruptcy judge relied upon § 15-301(1) of New York’s General Obligations Law which provides:
 

 A written agreement or other written instrument which contains a provision to the effect that it cannot be changed orally, cannot be changed by an executory agreement unless such executory agreement is in writing and signed by the party against whom enforcement of the change is sought or by his agent.
 

 The court held that, because of this statute and the prohibition against oral modifications in Citibank’s loan and security agreements, a written document signed by Citibank was a
 
 “sine qua non”
 
 of recovery by Newmarket. The court also held that Newmarket could not recover on a theory of waiver or estoppel, such remedies, in the view of the bankruptcy court, being available only to the parties to the underlying contract, Citibank and Tele/Resources. The district court affirmed on the opinion of the bankruptcy judge. We believe that the district court should have reversed.
 

 Where it is possible, courts are inclined to hold that rights under a contract are assignable to third parties.
 
 Portuguese-American Bank v. Welles,
 
 242 U.S. 7, 11-13, 37 S.Ct. 3, 4, 61 L.Ed. 116 (1916); 3
 
 Williston on Contracts,
 
 3d ed. § 412, at 47. Ordinarily, for example, New York courts treat covenants not to assign as personal covenants whose breach justifies only an award of damages, unless the language of the covenant clearly indicates a stronger intent.
 
 Beige
 
 v.
 
 Aetna Casualty & Sur. Co.,
 
 39 A.D.2d 295, 297, 334 N.Y.S.2d 185 (1972). In the instant case, the General Security Agreement between Citibank and Tele/Re-sources provided that Citibank might assign or otherwise transfer the Agreement and all or any of the bank’s collateral. The fact that the Agreement also provided that its terms could not be waived or altered without the written consent of the bank did not justify a departure from the general New York rule,
 
 see Hofferberth v. Duckett,
 
 175 A.D. 480, 486, 162 N.Y.S. 167 (1916), that a parol assignment of a debt, claim, or chose in action is valid.'
 

 
 *269
 
 An assignment does not modify the terms of the underlying contract. It is a separate agreement between the assignor and assignee which merely transfers the assignor’s contract rights, leaving them in full force and effect as to the party charged.
 
 Molina v. Barany,
 
 56 N.Y.S.2d 124,132 (1945) (construing former N.Y.Pers. Prop.Law § 33-c, the predecessor of Gen. Oblig.Law § 15-301(1)); 6A C.J.S. Assignments §§ 4 and 5, at 593-94. Insofar as an assignment touches on the obligations of the other party to the underlying contract, the assignee simply moves into the shoes of the assignor.
 
 Williston, supra,
 
 § 432, at 182.
 

 We find no support in New York law for the bankruptcy court’s holding that an assignee is precluded from relying on the doctrine of waiver and estoppel because it is not a party to the underlying contract. Even a specific prohibition against assignments made without written consent may be waived in favor of an assignee.
 
 Sillman v. Twentieth Century-Fox Film Corp.,
 
 3 N.Y.2d 395, 402-03, 165 N.Y.S.2d 498, 144 N.E.2d 387 (1957);
 
 Beige v. Aetna Casualty & Sur. Co., supra,
 
 39 A.D.2d at 298, 334 N.Y.S.2d 185.
 

 Moreover, we think it makes little difference whether the alleged transfer of rights by Citibank to Newmarket is called a subordination agreement rather than an assignment. Assuming for the argument only that a subordination agreement in some way modifies the terms of the underlying contract, New York law is clear that a prohibition against oral amendments may be waived, as may any other provision, by executed oral agreement or estoppel.
 
 Rose
 
 v.
 
 Spa Realty Assocs.,
 
 42 N.Y.2d 338, 343, 397 N.Y.S.2d 922, 366 N.E.2d 1279 (1977);
 
 Beatty v. Guggenheim Exploration Co.,
 
 225 N.Y. 380, 387-88, 122 N.E. 378 (1919);
 
 Marine Midland Bank v. Midstate Lumber Co.,
 
 79 A.D.2d 783, 784, 435 N.Y.S.2d 78 (1980);
 
 Citibank v. E.J. Zibro Tire & Appliance Co.,
 
 72 A.D.2d 846, 847, 421 N.Y.S.2d 699 (1979).
 

 The prohibitions against oral modification were inserted in the underlying contract for the sole benefit of Citibank. Tele/Re-sources had no objection to the alleged assignments or subordination agreements; indeed they were made for Tele/Resources’ benefit. Under the circumstances, application of the equitable doctrines of waiver and estoppel seems most appropriate.
 
 See Portuguese-Ameriean Bank v. Welles, supra,
 
 242 U.S. at 11-13, 37 S.Ct. at 4;
 
 Amadeus, Inc.
 
 v.
 
 State,
 
 36 A.D.2d 873, 874, 320 N.Y.S.2d 677,
 
 appeal denied,
 
 29 N.Y.2d 486, 326 N.Y.S.2d 1025, 276 N.E.2d 628 (1971).
 

 We do not hold, of course, that the facts of the instant case call ineluctably for judgment in Newmarket’s favor. Resolving all ambiguities and drawing all reasonable inferences in favor of Newmarket, as we are required to do on this appeal from a judgment summarily entered against it,
 
 Heyman v. Commerce & Indus. Ins. Co.,
 
 524 F.2d 1317, 1320 (2d Cir.1975), we hold merely that Newmarket is entitled to a trial on the merits.
 

 The judgment of the district court is reversed with instructions that the matter be remanded to the bankruptcy court for further proceedings in accordance with this opinion.