■ HARRY MACKLOWE, Appellant, v 42ND STREET DEVELOPMENT CORPORATION et al., Respondents.—Order, Supreme Court, New York County (William Davis, J.), entered October 24, 1990, which granted plaintiff's motion for summary judgment with respect to the first cause of action for breach of contract and dismissed the other three causes of action, unanimously affirmed, with costs.

In 1981, plaintiff, as general partner, and defendant 42nd Street Development Corporation ("42nd Street"), as limited

partner, formed a limited partnership called Elfon Realty Co. ("Elfon") for the purpose of developing real estate at 42nd Street and 11th Avenue in Manhattan. 42nd Street is a not-for-profit corporation. As part of their agreement, 42nd Street agreed that it would not sell or assign its interest in the limited partnership without the prior consent of plaintiff.

As 42nd Street needed to raise money, it decided to sell its interest in Elfon. Plaintiff, however, only offered, at most, $1 million, much less than the appraised value of the interest. Defendant Condren offered $2.25 million and plaintiff was given an opportunity to match Condren's offer. As plaintiff would not match the offer, 42nd Street sold its interest and assigned its rights to receive all profits and economic benefits from Elfon to Condren, without plaintiff's consent.

Plaintiff's action against defendants raises four causes of action: the first is for breach of contract; the second is for unjust enrichment; the third seeks a constructive trust; and the fourth is for tortious interference by Condren with contractual relations. Upon plaintiff's motion for summary judgment, the IAS Court granted said motion with respect to the first cause of action and dismissed the remaining causes of action.

We agree with the IAS Court that plaintiff's only remedy under the circumstances was to recover actual damages based on the written agreement between the parties. Plaintiff's equitable claims must thus fail. As was stated in *Sullivan v International Fid. Ins. Co.* (96 AD2d 555, 556): "With regard to the contractual provision prohibiting assignments without the written consent of International, it has been consistently held that assignments made in contravention of a prohibition clause in a contract are void if the contract contains clear, definite and appropriate language declaring the invalidity of such assignments *(Allhusen v Caristo Constr. Corp.,* 303 NY 446; *State Bank v Central Mercantile Bank,* 248 NY 428, 435; *Empire Discount Corp. v Bouley Co.,* 5 Misc 2d 228; *Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395). On the other hand, where the language employed constitutes merely a personal covenant against assignments, an assignment made in violation of such covenant gives rise only to a claim for damages against the assignor for violation of the covenant *(Sacks v Neptune Meter Co.,* 144 Misc 70, 79, affd 238 App Div 82; *Manchester v Kendall,* 19 Jones & Sp 460, affd 103 NY 638; *Empire Discount Corp. v Bouley Co., supra)."*

Since the instant agreement containing the covenant

against assignment is only a personal covenant of 42nd Street, a breach of said agreement only gives rise to damages based on violation of the writing.

As to the fourth cause of action, there is no evidence which demonstrates that Condren improperly and without reasonable justification interfered with the contract between plaintiff and 42nd Street to give rise to a cause of action for tortious interference with contractual relations, and thus said cause of action was properly dismissed. *(Stratford Materials Corp. v Jones,* 118 AD2d 559.) Concur—Milonas, J. P., Ellerin, Wallach, Kassal and Smith, JJ.