■ 230 PARK AVENUE ASSOCIATES, Appellant, v PENN CENTRAL CORPORATION et al., Respondents.—Order and judgment (one paper), Supreme Court, New York County (Carol E. Huff, J.), entered July 29, 1991, which, *inter alia,* granted defendant The Penn Central Corporation's motion to dismiss the complaint, and defendants Metropolitan Transportation Authority (MTA) and Metro-North Commuter Railroad Inc.'s motion for partial summary judgment, unanimously affirmed. The appeal from the order of the same court, entered July 26, 1991, which denied plaintiff's motion to reargue that part of the decision declaring the MTA's Notice of Termination is valid, is unanimously affirmed, with costs.

No issue of fact exists as to whether the transformers are

large structures effectively made part of the building as an integral part of its electrical system, and were intended as such (see, *East Side Car Wash v K.R.K. Capitol*, 102 AD2d 157). As there was no agreement to the contrary, these fixtures were clearly conveyed with the building upon its transfer to plaintiff (see, *Mott v Palmer*, 1 NY 564, 569), and are therefore plaintiff's responsibility.

There is no merit to plaintiff's contention that defendants MTA and Metro-North are responsible for replacing the transformers, since under the Hudson-Harlem Lease, to which the building deed was made subject, they are not required to make capital expenditures. Moreover, even if they assumed the cost for the replacement of the transformers, they could recover such from plaintiff under the building deed.

Nor is there merit to plaintiff's claim that only defendant Penn Central, and not defendants MTA and Metro-North, had the contractual right to terminate its utility service. Together, the Hudson-Harlem Lease and building deed clearly allow defendants MTA and Metro-North to terminate utility service to plaintiff upon one year's notice. Indeed, upon the assignment from defendant Penn Central to defendants MTA and Metro-North, the latter received all of the former's rights with respect to the provision of utility service to plaintiff (see, *Citibank v Tele/Resources, Inc.*, 724 F2d 266, 269).

We have considered all other claims and find them to be of no merit. Concur—Carro, J. P., Rosenberger, Wallach, Ross and Asch, JJ.