PRO CARDIACO PRONTO SOCORRO CARDIOLOGICA S.A., Plaintiff,

v.

Earl W. TRUSSELL, Estate of Vivian Trussell, Earl W. Trussell, Executor, and The Prudential Insurance Company of America, Defendants.

No. 91 Civ. 8519 (RLC).

United States District Court, S.D. New York.

Aug. 30, 1994.

Hill, Betts & Nash, New York City (Peter J. McHugh, Robert M. Schwartz, Jennifer Williams, of counsel), for plaintiff.

Schwartz & Greenberg, New York City (Edward D. Greenberg, of counsel), for defendant The Prudential Ins. Co. of America.

### OPINION

ROBERT L. CARTER, District Judge.

Plaintiff, Pro Cardiaco Pronto Socorro Cardiologica, S.A. ("Pro Cardiaco"), has moved for summary judgment pursuant to Rule 56, F.R.Civ.P., and seeks damages of $25,000. Defendant The Prudential Insurance Company of America ("Prudential") has cross-moved for summary judgment.

### I.

The undisputed facts are as follows. Pro Cardiaco owns and operates a hospital located in Rio de Janeiro, Brazil, which specializes in providing cardiac care. On August 14, 1988, Vivian Trussell was admitted at Pro Cardiaco for medical treatment. Trussell and her only child, Earl, who accompanied her, indicated that they would probably not be able to pay for her care themselves. Vivian Trussell, however, was insured by Prudential. Upon her arrival at the hospital, Trussell presented a copy of her Certificate of Insurance (the "Certificate"), and was subsequently admitted. Pro Cardiaco treated Trussell from August 14, 1988 until she died on October 5, 1988. At the time of Trussell's death, her medical expenses at the hospital totalled approximately $63,575.

When Earl Trussell proved unable to pay his mother's bill, Pro Cardiaco sought payment directly from Prudential, even though the Certificate indicated that payments for foreign hospital expenses could be made only to the insured.[1] The hospital submitted a final invoice to Prudential on October 20, 1988, along with an affidavit (the "Affidavit") signed by Earl Trussell stating that: 1) he was Vivian Trussell's only son and heir, 2) Pro Cardiaco was the "Authorized Representative" concerning the claim of Vivian Trussell, and 3) all payments should be made to Pro Cardiaco only.[2]

On November 8, 1988, Prudential informed Earl Trussell that benefits were payable to his mother's estate, and that if no Executor

---

1. The Certificate reads, in relevant part, "You [the insured] may direct in writing that benefits will be paid directly to the ... hospital ... providing the care for which benefits are paid. All benefits which have not been assigned will be paid to you. Benefits for hospital and medical care in foreign countries are payable only to you."

2. Pro Cardiaco claims that Joe Hinton, a Prudential customer service representative, in a phone conversation on October 5, 1988, stated that the "only possible solution" to Pro Cardiaco's attempt to receive payment directly from Prudential was to have Earl Trussell assign any payments due to plaintiff, which Pro Cardiaco then proceeded to do. (Pl.'s Mem.Supp.Mot.Summ.J. at 3). According to an affidavit submitted by Joe Hinton, however, he does not believe that he spoke with anyone from Pro Cardiaco until 1989, and that, although he does not remember any specifics from this conversation, he was "absolutely certain" that he did not tell the hospital that benefits would be paid to it if an assignment were made. He also indicated that, as a matter of practice, he would read a disclaimer to all callers stating that the Certificate of Insurance governs all claims for payment. (Hinton Aff. at 1–2).

or Administrator was going to be appointed, payment would be made "to a close relative or individual who had assumed the deceased's last debts and liabilities." Prudential delivered a form to Trussell to be completed to show that he was such "close relative or individual," which form Trussell completed and returned. Mrs. Trussell's estate was never formally administered.

On January 6, 1989, Prudential processed a check made out to "Earl Trussell for Mrs. Vivian Trussell" in the amount of $25,000, the maximum amount payable under Trussell's policy. In February, 1989, Pro Cardiaco sought payment from Prudential, and was informed that payment had been made to Vivian Trussell's estate. Pro Cardiaco, by letter dated September 1, 1989, demanded payment from Prudential, which refused to pay. Then, on December 18, 1991, Pro Cardiaco commenced this action against Prudential, Earl Trussell and Vivian Trussell's estate. Earl Trussell could not be located, and only Prudential filed an answer to the complaint. Cross-motions for summary judgment were filed.

### II.

■ In order to prevail on a summary judgment motion, the moving party must show that "there is no genuine issue as to any material fact and that [it is] entitled to a judgment as a matter of law." Rule 56, F.R.Civ.P. The court is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue" which must be reserved for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. at 2505, 2510, 91 L.Ed.2d 202 (1986). Uncertainty regarding the true state of any material fact will defeat a motion for summary judgment. *United States v. One Tintoretto Painting Entitled "The Holy Family with St. Catherine & Honored Donor"*, 691 F.2d 603, 606 (2d Cir. 1982).

At issue here is the nature and validity of the purported assignment by Earl Trussell to Pro Cardiaco. Pro Cardiaco contends that Earl Trussell validly assigned Vivian Trussell's insurance proceeds, and that Prudential, which had notice of the Affidavit, was therefore obligated to pay plaintiff directly. Prudential does not deny prior knowledge of the Affidavit, but argues instead that the Certificate rendered void all assignments to foreign hospitals, and that Pro Cardiaco had notice of the Certificate's terms before drafting the Affidavit.

■ With limited exception, contractual provisions prohibiting assignments are treated as personal covenants. *Citibank, N.A. v. Tele/Resources, Inc.*, 724 F.2d 266, 268 (2d Cir.1983); *Allhusen v. Caristo Constr. Corp.*, 303 N.Y. 446, 450, 103 N.E.2d 891 (1952). An assignment made in violation of a personal covenant prohibiting assignments is enforceable, although it does give rise to a damages action against the assignor. *Citibank, N.A.*, 724 F.2d at 268.

■ However, "when 'clear language' [of prohibition] is used, and the 'plainest words ... have been chosen,' parties may 'limit the freedom of alienation of rights and prohibit the assignment.'" *Allhusen*, 303 N.Y. at 452, 103 N.E.2d 891 (quoting *State Bank v. Central Mercantile Bank*, 248 N.Y. 428, 435, 162 N.E. 475 (1928)); *see Sullivan v. Int'l Fidelity Ins. Co.*, 96 A.D.2d 555, 556, 465 N.Y.S.2d 235, 237 (2d Dept.1983) (assignments void "if the contract contains clear, definite and appropriate language declaring the invalidity of such assignments"); *University Mews Assoc. v. Jeanmarie*, 122 Misc.2d 434, 440, 471 N.Y.S.2d 457, 461 (Sup.Ct.1983) (to render assignment void, provision "must specifically eliminate the power as well as the right to assign"). Prudential contends that the language of the non-assignment clause in the Certificate permitting payment only to "you" (i.e., the insured), combined with the absence of a procedure whereby Prudential could consent to an assignment otherwise made or sought to be made by an insured (a "consent procedure"), voids any assignment made in contravention of the Certificate's terms.

■ Notwithstanding Prudential's argument, the court finds that the clause lacks the clear language required to make the assignment void. *See Allhusen*, 303 N.Y. at 449, 103 N.E.2d 891 (assignment void where clause expressly states "the assignment by the second party ... without the written

consent of the first party shall be void"); *see also id.* at 450, 103 N.E.2d 891 (assignment not void where non-assignment clause contained language that "contract not to be assigned, or any part thereof ...") (quoting *Manchester v. Kendall,* 19 Jones & Sp. 460, 463, *aff'd,* 103 N.Y. 638 (1886)); *Sacks v. Neptune Meter Co.,* 144 Misc. 70, 77, 258 N.Y.S. 254, 263 (1st Dept.1932), *aff'd,* 238 A.D. 82, 263 N.Y.S. 462 (1933) (assignment not void where non-assignment clause contained language that "employee will make no assignment of any kind or nature of the wages"). Nor does the Certificate contain any other indications that an assignment is void, such as provisions stating, for example, that "an assignee would acquire no rights by reason of any ... assignment ... [or] that [Prudential] shall not be required to recognize or accept an[ ] ... assignment." *See Empire Discount Corp. v. William E. Bouley Co.,* 5 Misc.2d 228, 230, 160 N.Y.S.2d 395, 397 (Sup.Ct.1957).[3] In short, assignments are enforceable unless expressly made void, and not, as defendant apparently argues, void unless specified otherwise. *See, e.g., Belge v. Aetna Casualty & Sur. Co.,* 39 A.D.2d 295, 297, 334 N.Y.S.2d 185, 187 (4th Dept.1972).

■ Defendant next contends that the Affidavit did not constitute an assignment, but merely authorized Pro Cardiaco to receive the insurance proceeds without giving the hospital a right to maintain an action against Prudential. *See Miller v. Wells Fargo Bank Int'l Corp.,* 540 F.2d 548, 558 (2d Cir.1976) (mere agreement to pay debt out of designated fund insufficient to constitute assignment because assignor retains control over subject matter). However, even a document that only designates that money be paid to a third party (i.e., Pro Cardiaco) constitutes an assignment if such third party receives notice or delivery of the document, and if the document directs the obligor (i.e., Prudential) to pay the third party from those specific funds owing to the assignor (i.e., Earl Trussell).

*See Delbrueck & Co. v. Mfrs. Hanover Trust Co.,* 609 F.2d 1047, 1051 (2d Cir.1979); *Miller v. Wells Fargo Bank Int'l Corp.,* 406 F.Supp. 452, 473 (S.D.N.Y.1975) (Pollack, J.), *aff'd,* 540 F.2d 548 (2d Cir.1976).

■ The Affidavit meets both of these requirements. Pro Cardiaco (i.e., the third party) drafted the Affidavit and kept a copy in its possession, and the Affidavit signed by Earl Trussell (i.e., the assignor) itself satisfactorily directed Prudential (i.e., the obligor) to pay Pro Cardiaco from a particular fund (i.e., the amount owing to Vivian Trussell from Prudential for the treatment administered by Pro Cardiaco). Although the affidavit might have been drafted more precisely, no particular words or phrases are required to effect an assignment. *Caribe Carriers, Ltd. v. C.E. Heath & Co.,* 784 F.Supp. 1119, 1126 (S.D.N.Y.1992) (Cedarbaum, J.).

■ Finally, defendant claims that Earl Trussell lacked the capacity to assign the benefits payable to his mother's estate. However, as Vivian Trussell's only child and sole heir, Earl Trussell had an assignable expectancy interest. *See In re Barnett,* 124 F.2d 1005, 1007 (2d Cir.1942); *Von Bulow v. Von Bulow,* 634 F.Supp. 1284, 1308 (S.D.N.Y. 1986) (Walker, J.); *In re Edwards' Estate,* 63 N.Y.S.2d 64, 70 (Sur.Ct.1946). When Earl became entitled, as sole heir, to the proceeds from his mother's estate upon her death, Pro Cardiaco, stepping into Trussell's "shoes," became entitled to the insurance proceeds at that time. *See, e.g., 230 Park Ave. Assoc. v. Penn Cent. Corp.,* 178 A.D.2d 185, 186, 577 N.Y.S.2d 46, 47 (1st Dept.1991) (assignee receives all of assignor's rights). Therefore, once put on notice of the assignment, defendant was liable for any money paid to Earl Trussell to which Pro Cardiaco was entitled. *See, e.g., Lincoln Rochester Trust Co. v. S.C. Marasco Steel, Inc.,* 66 Misc.2d 295, 320 N.Y.S.2d 864, 867 (Sup.Ct.1971); *Continental*

---

**3.** The court finds no support for defendant's contention that, to be a personal covenant, a non-assignment clause must contain a consent procedure. Although true that several of the cases relied upon by defendant—in which non-assignment clauses were found to be personal covenants—involve clauses containing consent procedures, none of these cases places any particular

emphasis upon the presence of such procedures, nor even identify such procedures as a factor influential in the respective court's ultimate determination. *See, e.g., Macklowe v. 42nd Street Development Corp.,* 170 A.D.2d 388, 566 N.Y.S.2d 606 (1st Dept.1991) (non-assignment clause requiring consent of general partner-plaintiff found to be personal covenant).

*Purchasing Co. v. Van Raalte Co.,* 251 A.D. 151, 152, 295 N.Y.S. 867, 868 (4th Dept.1937).

### CONCLUSION

Because the Certificate did not provide that all assignments would be void, Prudential had an obligation—upon notice of Earl Trussell's assignment of the insurance proceeds to Pro Cardiaco—to pay Pro Cardiaco, and not Vivian Trussell's estate. Therefore, the court grants plaintiff's motion for summary judgment, and finds Prudential liable for $25,000 damages to Pro Cardiaco.[4] Defendant's cross-motion for summary judgment is denied.

**IT IS SO ORDERED.**

---

4. Because the court has reached a decision on the basis of the assignment and its validity, it is not necessary to address plaintiff's argument that defendant violated the California Probate Code.