OPINION OF THE COURT
Allan B. Weiss, J.
Defendant’s motions to dismiss in the above-entitled actions are consolidated for disposition.
*63 Dr. Jodilyn Gingold, as the assignee of Fanny Martinez and Louis Hernandez, brings suit against State Farm Insurance Company (State Farm) to recover for medical services provided under the "no-fault” provisions of the defendant’s insurance policy. Having served an answer, the defendant now moves to dismiss the plaintiffs claims upon the ground that the plaintiff physician lacks standing to bring suit for these funds.
Fanny Martinez and Louis Hernandez were injured in automobile accidents. Both were entitled to receive "no-fault” medical benefits and the defendant, State Farm, was obligated to pay those benefits. Ms. Martinez and Mr. Hernandez sought medical treatment from the plaintiff and in connection with that treatment executed authorizations directing State Farm to pay the benefits they were entitled to receive directly to this treating physician. The authorization read as follows:
"authorization to pay doctor
"I hereby authorize the State Farm (Insurance Company) to pay by check made out and mailed directly to Jodilyn Gingold M.D. 63-70 Woodhaven Blvd., Rego Park, New York 11374, the expense benefits allowable, and otherwise payable to me under my current insurance policy, as payment toward the total charges for professional services rendered. This payment shall not exceed my indebtedness to above named assignee and I have agreed to pay, in a current manner, any balance of said professional service charges over and above this insurance payment.
"_s/_
Name
Address”
The authorizations were forwarded to the defendant and thereafter bills and claims for payment made. To date the bills remain unpaid and the plaintiff physician has commenced these actions to recover the insurance benefits she claims are due for the medical services provided.
State Farm asserts that the execution of an "authorization” to pay "no-fault” benefits does not constitute an "assignment” of a cause of action thereby enabling this health care provider to sue to collect those benefits. The defendant argues that the word "authorize” is merely permissive; does not vest the health care provider with the ability to commence suit; and permits State Farm to elect to pay either the health care provider or *64 the patient. These arguments are supported by copies of several decisions made by two arbitrators hearing "no-fault” cases for the American Arbitration Association. The opinions are not supported by any judicial authority.
In Vazquez v Aetna Cas. & Sur. Co. (NYLJ, Jan. 27, 1981, at 5, col 1), the Appellate Term, First Department, reviewed and upheld a hospital authorization form containing language similar to that which is found in the plaintiffs authorization.
"We construe the hospital insurance form executed by plaintiff, authorizing payment directly to the hospital of group insurance benefits 'otherwise payable’ to him, as an assignment of first party benefits due plaintiff as a covered person under the subject policy and the Comprehensive Auto Insurance Reparations Act (Insurance Law, Sec. 671, subd. 2, 10). It is a routine practice for hospitals and other health care providers to take assignments to protect their bills for services rendered, and this is manifestly what was intended here; in fact, the regulations of the Department of Insurance authorize insurers to pay no-fault benefits directly to the providers of services 'upon assignment’ (11 NYCRR 65.6 [i] [1], 65.15 [i] [1]).
"Generally, the assignee of a claim is the real party in interest and he alone can bring suit; the assignor loses control over the chose when he makes the assignment (6 N.Y. Jur. 2d, Assignments, Sec. 71).”
In Pro Cardiaco Pronto Socorro Cardiologica v Trussell (863 F Supp 135 [SD NY 1994]) the court found that a simple statement contained in an affidavit which instructed the insurance carrier to pay medical insurance benefits directly to the health care provider was sufficient to create an assignment where the proceeds of the fund were identified and notice of the instruction delivered to the carrier. The court specifically rejected the argument that the health care provider was precluded from bringing suit to recover the insurance funds earmarked to be used to pay for medical services.
Here, the fact that the document in question fails to contain the word "assignment” is of no consequence. It is the relinquishment of control over both the subject matter and the power to revoke the assignees’ authority which creates an assignment. "No particular words are necessary to effect an assignment; it is only required that there be a perfected transaction between the assignor and assignee, intended by those parties to vest in the assignee a present right in the thing assigned. (see, 4 Corbin, Contracts § 879, at 528 [cases cited]).” (Leon v Martinez, 84 NY2d 83, 88.)
*65 State Farm had written instructions from both Martinez and Hernandez to pay their insurance benefits directly to the plaintiff and no claim is made that either party had in any manner revoked or intended to revoke those instructions. Therefore, the authorizations to pay "no-fault” benefits constitute an assignment enabling the plaintiff health care provider to sue to recover the insurance proceeds applicable to the medical services provided.
The motions to dismiss are denied.