■ RUSSELL W. WOLENSKY, Doing Business as CLASSIC CONTRACTING and ELECTRIC, Appellant, v STEPHEN J. LOCKE, Defendant, and CATHERINE M. DiPLECO, Respondent. [664 NYS2d 355] —In an action to recover monies for work performed and materials supplied, the plaintiff appeals from so much of a judgment of the Supreme Court, Dutchess County (Beisner, J.), dated July 18, 1996, awarding him the principal sum of $11,252.52, as is in favor of him and against the defendant Stephen Locke only.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff was engaged to perform, inter alia, certain electrical work in a three-story building in Wappinger Falls by the defendant-owner Stephen Locke. The building consisted of a tavern (the West Side Tavern Cafe) on the first floor and rental apartments on the upper floors. The bulk of the work was related to the renovation of the tavern. Locke and the

defendant-respondent Catherine DiPleco were partners in the tavern and a lease for the tavern existed between Locke as landlord and the tavern partnership as tenant. When the plaintiff did not receive payment for the work performed and materials supplied, he commenced this action against Locke and DiPleco, alleging that, as partners in the operation of the tavern, both should be held liable for his damages. The Supreme Court, after a bench trial, awarded the plaintiff damages as against Locke only. We now affirm.

The plaintiff does not allege any direct contractual dealings with DiPleco. Rather, he seeks recovery as against her based solely on her status as a partner in the operation of the tavern. However, the plaintiff presented no direct evidence that he was hired by the partnership or by Locke in his capacity as a partner of DiPleco. To the contrary, Locke expressly testified that he hired the plaintiff in his capacity as the landlord/owner of the building for the purpose of obtaining a certificate of occupancy. This testimony is supported by the fact that the work performed and materials supplied by the plaintiff were found to be fixtures (*see, Potter v Cromwell,* 40 NY 287; 230 *Park Ave. Assocs. v Penn Cent. Corp.,* 178 AD2d 185; 5 Warren's Weed, New York Real Property, Fixtures, §§ 1, 2 [4th ed]). Accordingly, as the evidence at trial does not otherwise support a finding that Locke, when he engaged the plaintiff, was pursuing the business of the partnership, the court properly awarded the plaintiff damages as against Locke only (*see,* Partnership Law § 4 [3]; § 20). Rosenblatt, J. P., Miller, Ritter and Krausman, JJ., concur.