■ ALMEIDA OIL CO., INC., et al., Respondents, v SINGER HOLDING CORP., Defendant and Third-Party Plaintiff-Appellant-Respondent. WEST VERNON PETROLEUM CORP., Third-Party Defendant-Respondent-Appellant. [857 NYS2d 689]—

In an action to recover damages for breach of contract, the defendant third-party plaintiff appeals, as limited by its brief,

from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered August 31, 2006, as denied its motion for summary judgment dismissing the complaint and granted that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability, and the third-party defendant separately appeals, as limited by its brief, from so much of the same order as denied that branch of its cross motion which was for summary judgment dismissing the third-party complaint.

Ordered that the order modified, on the law, by deleting the provision thereof denying that branch of the third-party defendant's cross motion which was for summary judgment dismissing the third-party complaint, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable by the defendant third-party plaintiff to the plaintiffs and the third-party defendant.

In 1996 the defendant third-party plaintiff Singer Holding Corp. (hereinafter Singer), a supplier of heating oil to retail customers, and the third-party defendant West Vernon Petroleum Corp. (hereinafter Petroleum Corp.), the owner of an oil terminal, entered into a "Throughput Agreement" whereby Singer agreed to store a guaranteed minimum amount of oil each year at the terminal for a period of years and pay Petroleum Corp. throughput fees twice annually. The throughput agreement contained a covenant against any assignment of the agreement in whole or in part without the prior written consent of the other party. In 2001 Petroleum Corp. entered into a "License Agreement" with the plaintiffs which provided that the "business that is being licensed" was the entire terminal facility, with the exception of certain recycling tanks and pipings, that the plaintiffs would be entitled to any and all profits (and would bear any and all losses) from the operation of the terminal, and that the plaintiffs would fulfill Petroleum Corp.'s obligations under the throughput agreement. After the license agreement was entered into, Petroleum Corp. forwarded the throughput fees paid by Singer in July 2001 and January 2002 to the plaintiffs. Around July 2002, before the expiration of the throughput agreement, Singer removed its oil from the terminal and ceased paying any throughput fees.

The plaintiffs then commenced this action against Singer to recover damages for breach of the throughput agreement. Singer filed a third-party complaint against Petroleum Corp., inter alia, to recover damages for breach of the anti-assignment covenant of the throughput agreement. After discovery was com-

pleted, Singer moved for summary judgment dismissing the complaint on the ground that the plaintiffs were not parties to the throughput agreement. The plaintiffs cross-moved for summary judgment, among other things, on the issue of liability. Petroleum Corp. cross-moved, inter alia, for summary judgment dismissing the third-party complaint.

The plaintiffs correctly contend that the license agreement, when read as a whole, should be interpreted to include an assignment of the right to receive Singer's throughput fees (see Beal Sav. Bank v Sommer, 8 NY3d 318, 324-325 [2007]; Matter of Westmoreland Coal Co. v Entech, Inc., 100 NY2d 352, 358 [2003]; Leon v Martinez, 84 NY2d 83, 88 [1994]). As the throughput agreement only contained a covenant not to assign, and did not provide that any assignment would be void or invalid, the assignment was not void, but only gives rise to a claim for damages against Petroleum Corp. for violation of the covenant not to assign (see Macklowe v 42nd St. Dev. Corp., 170 AD2d 388, 389 [1991]; Sullivan v International Fid. Ins. Co., 96 AD2d 555, 556 [1983]). Therefore, contrary to Singer's contention, the plaintiffs have standing to bring this action and the Supreme Court properly denied Singer's motion. Further, the Supreme Court properly granted that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). In response to the plaintiffs' prima facie showing of entitlement to judgment as a matter of law, Singer failed to raise a triable issue of fact regarding its contention that the plaintiffs' performance of their obligations under the throughput agreement was inadequate. Thus, Singer failed to refute Petroleum Corp.'s prima facie showing that Singer suffered no damages as a result of Petroleum Corp.'s breach of the anti-assignment covenant. Therefore, the Supreme Court should have granted that branch of Petroleum Corp.'s cross motion which was to dismiss the third-party complaint.

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

Motion by the third-party defendant on appeals from an order of the Supreme Court, Westchester County, entered August 31, 2006, to strike stated portions of the brief of the defendant third-party plaintiff on the ground that an issue raised in that brief is not properly before this Court. By decision and order on motion of this Court dated May 29, 2007 [2007 NY Slip Op 70281(U)], the motion was held in abeyance and referred to the Justices hearing the appeals for determination upon the argument or submission thereof.

Motion by the third-party defendant on appeals from an order of the Supreme Court, Westchester County, entered August 31, 2006, to enlarge the record to include an order of the same court entered December 19, 2006, and the motion papers underlying that order or, in the alternative, for this Court to take judicial notice of the order and motion papers. By decision and order on motion dated August 9, 2007 [2007 NY Slip Op 75514(U)], that branch of the motion which was for this Court to take judicial notice of the order entered December 19, 2006, and the motion papers underlying that order was held in abeyance and referred to the Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motions, the papers filed in opposition or relation thereto, and upon the argument of the appeals, it is

Ordered that the motion to strike stated portions of the brief of the defendant third-party plaintiff is denied; and it is further,

Ordered that the branch of the motion which was for this Court to take judicial notice of the order entered December 19, 2006, and the motion papers underlying that order, is denied as academic in light of the determination of the appeal from that order (*see Almeida Oil Co., Inc. v Singer Holding Corp.*, 51 AD3d 607 [2008] [decided herewith]). Rivera, J.P., Spolzino, Dillon and Balkin, JJ., concur.